[No. 627. Decided December 6, 1892.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS W. HINCHEY, *Appellant*.

APPEAL—STATEMENT OF FACTS—JURISDICTION TO SETTLE—NOTICE —EXTENSION OF TIME—OMISSIONS—EXTRANEOUS PROOF.

Notice by the appellant to the respondent of the settlement of a statement of facts is necessary to give the court jurisdiction to settle, and the fact that the requisite notice was given should appear in the record on appeal.

Although a judge may have jurisdiction to settle and certify a statement of facts when first presented to him, yet, if he returns the statement to counsel with a request to correct it in certain particulars, and no application is made to him to extend the time of settlement, he has no jurisdiction to settle and sign the statement after the statutory time has expired.

Facts which ought to appear in a statement of facts properly settled, signed and authenticated, cannot, when controverted, be established in the supreme court by affidavits or other proof.

*Appeal from Superior Court, Pierce County.*

*George W. Tyler*, and *Stephen O'Brien*, for appellant.

*W. H. Snell*, Prosecuting Attorney, and *Charles Bedford*, for The State.

The opinion of the court was delivered by

ANDERS, C. J.—The respondent moves the court to strike from the transcript the alleged statement of facts, for the following reasons: (1) No notice of the settlement of such statement was ever served on the prosecuting attorney or filed as required by the statute. (2) Said statement of facts was signed and settled by the judge after he had lost jurisdiction to settle and certify the same. (3) The said statement of facts is not certified as required by law.

There is nothing in the record showing that any notice of settling the statement of facts was served on the prose-

cuting attorney, or filed, within the time prescribed by law,
or at all.    This is conceded by the learned counsel for the
appellant, but he answers the objection, in his argument,
by the assertion, first, that the statute does not require
that such notice shall be embodied in the transcript, and
second, that in fact such notice was given.    As to what
the transcript shall contain, and as showing that the notice
of settlement of the statement of facts is no part thereof,
counsel cites Code Proc., § 1416, which defines a transcript.
We do not think that section will bear the construction
given it by counsel.    Among other things it provides
that the transcript is a copy of the notice of appeal, and
of all orders or notices *concerning the appeal.*    Sec. 1422
provides that, in all actions and proceedings in which an
appeal lies to the supreme court, any party feeling himself
aggrieved may have any material fact or facts, not already
a part of the record, made so by a statement of facts, and
that the party desiring to settle a statement of facts shall
prepare and file with the clerk of the superior court a
statement of facts, complete and ready for signing, and
shall, within thirty days after the decision, order or judg-
ment to be appealed from was made or rendered, give no-
tice to the opposite party or his attorney that the said
statement has been prepared and filed, and that upon a day
to be named in said notice he will apply to the court or
judge who tried the cause or made the decision, order or
judgment complained of, at a place to be named in said
notice, to settle and certify said statement of facts.    While
the notice here spoken of refers primarily to the settlement
of the statement of facts, to be made a part of the record
in the appellate court, it seems clear to our minds that it
also *concerns the appeal,* and, therefore, should be included
in the transcript.    Without notice to the opposite party,
or his attorney, the court would not have jurisdiction to set-
tle a statement of facts, and it would, therefore, seem neces-

sary that the fact that the requisite notice was given should appear in the record, and not otherwise. If, as counsel claims, notice was in fact given in this case, he should have caused that fact to appear in the transcript. This court cannot make a record, but must try each case brought before it upon the record sent up from the trial court.

The judgment was rendered in this case on December 14, 1891, and the statement of facts was not signed or settled by the judge who tried the cause until April 25, 1892. And it appears from the certificate of the judge attached to the statement of facts that a partial and imperfect statement of facts was presented to him on the 19th day of January, 1892, but was returned to counsel with request to correct it as suggested, but that it was not again presented to him until the day above mentioned, when it was signed, subject to the objection of the prosecuting attorney, that the court had no jurisdiction to settle and sign it at that time. The judge also certifies that no application was made to him to extend the time for settlement. It follows, therefore, that even if the judge had jurisdiction to settle the statement first presented to him, he had no jurisdiction to do so at the time he settled and signed the statement, which was presented more than three months after the statutory time had expired. The motion to strike the statement of facts from the transcript must be granted.

The respondent also moves the court to strike the bill of exceptions from the files on the ground that no notice of the settlement thereof was served upon the respondent as required by law. And as the record is silent as to notice there is nothing before us to show that the court had jurisdiction to settle the same. The appellant offers to show by an affidavit that the prosecuting attorney had due notice of the settlement of the bill of exceptions, and made no objections to the same as found in the transcript, but, for the reason already indicated, the affidavit cannot be here con-

sidered.   Facts which ought to appear in a statement of facts properly settled, signed and authenticated, cannot, when controverted, be established in this court by affidavits or other proof.   The motion to strike the bill of exceptions must also prevail.

There being no error in the record, the judgment must be affirmed, and it is so ordered.

SCOTT, HOYT, DUNBAR and STILES, JJ., concur.