[No. 640. Decided December 8, 1892.]

THE STATE OF WASHINGTON, *Respondent*, v. SALVADOR PICANI, *Appellant*.

APPEAL—SETTLEMENT OF STATEMENT—FAILURE TO GIVE NOTICE.

The inability of a defendant convicted of a crime to pay for a statement of facts is no excuse for his failure to give notice of the settlement of the statement within the time prescribed by law.

*Appeal from Superior Court, Pierce County.*

*John V. Evans*, and *Orra L. C. Hughes*, for appellant.

*W. H. Snell*, Prosecuting Attorney, and *Charles Bedford*, for The State.

The opinion of the court was delivered by

DUNBAR, J. — It appears from the transcript in this case, and is in fact admitted by the appellant, that no notice of the settlement of the statement of facts was given until after the expiration of the time prescribed by law for giving such notice. A judgment was rendered May 9, 1892, and the statement was not signed until July 8, 1892, and no notice was given of the filing of the statement until after it was signed by the trial judge, it being signed on the 8th of July, and filed with the clerk of the superior court on the 9th day of July. It is frankly admitted by the appellant that the law governing appeals has not been complied with, but he bases his application to have the statement of facts which was filed in this court November 11, and which was signed without notice to the state, made a part of the record in this case on the affidavit of his attorney showing the impecuniosity of appellant, and that he did not have means to pay for the statement of facts.

This is a capital case, and it is with the greatest reluctance that we decide that the statement of facts must be

stricken, but the provisions of the law are plain and imperative, and leave this court no discretion. There is nothing shown by the affidavit which would justify the court in excepting this case from the rule laid down in prior decisions, viz.: *Enos v. Wilcox*, 3 Wash. 44 (28 Pac. Rep. 364); *Cadwell v. First National Bank*, 3 Wash. 188 (28 Pac. Rep. 365); *State v. Hoyt*, 4 Wash. 818 (30 Pac. Rep. 1060). In fact, in none of the cases cited has there been such an utter failure to comply with the requirements of law. The motion to strike must, therefore, be sustained.

As none of the questions before us on appeal can be considered without reference to the statement of facts, it follows that the judgment of the lower court must be affirmed. The judgment and sentence is, therefore, affirmed, and as the execution of the sentence has been stayed until the final determination of this appeal, the cause is remanded to the court below, with directions to proceed to appoint a day for carrying its sentence into effect, according to law.

ANDERS, C. J., and STILES, HOYT and SCOTT. JJ., concur.