[No. 1249. Decided October 13, 1894.]

WILLIAM OLIVER *et al.*, *Appellants*, v. W. ABBOTT LEWIS *et al.*, *Respondents*.

APPEAL — SETTLEMENT OF STATEMENT — EFFECT OF LAW OF 1893 ON PENDING PROCEEDINGS.

The appeal law of 1893 (Laws 1893, p. 111) providing that "this act shall govern proceedings had after it shall take effect, in actions then pending as well as those in actions thereafter begun," affects only the subsequent proceedings in actions then pending; and where the right of appeal was acquired prior to the time of the taking effect of the law of 1893, and the right to settle a statement of

facts has been lost prior thereto, under the provisions of the appeal law in force at the time, the court has no jurisdiction to extend the time of settlement of the statement, nor to settle the same.

*Appeal from Superior Court, Spokane County.*

*Feighan, Wells & Herman,* for appellants.

*Turner, Graves & McKinstry,* and *Frank T. Post,* for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—The respondents in this action move to strike from the transcript the alleged statement of facts, and to affirm the judgment of the lower court for the following reasons, viz.:

1. That notice of the settlement of such statement was not served on the respondents in compliance with the statute, nor within the statutory time.

2. That said statement of facts was signed and settled by the judge after he had lost jurisdiction for this purpose.

There are other assignments on the part of the respondents but they are substantially embodied in the two already noticed. The judgment in this case was rendered on the 8th day of April, 1893. The statement of facts was filed on the 20th day of May, 1893, and on that day notice to settle the same upon May 25th was served.

It will be observed that this appeal was taken under the law of 1891, which required the party desiring to settle the statement of facts to prepare and file with the clerk of the superior court a statement of facts, complete and ready for signing, within thirty days after the decision, order or judgment to be appealed from was made or rendered, and to give notice to the opposite party, or his attorney, that the said statement of facts had been prepared and filed, and that upon a day to be named in said notice he would apply to the judge or court who tried the cause, or made the decision, etc., and that said notice should be given within

thirty days after the decision, order or judgment was made, and the day fixed for the settling and certifying of the statement should be at least ten days, and not more than thirty days, after the day of service. So that if this statement of facts was filed under the law of 1891 it is deficient in two respects, viz., that if so filed, more than thirty days had elapsed since the judgment appealed from was rendered; and the day fixed for the settling and certifying of the statement was not ten days after the day of service, being in this case but five days.

It is insisted, however, by the appellants in this case, that the statement of facts filed on the 20th of May was filed at the instance of the reporter, and that the appellants did not authorize it, and were in no way responsible for it. However this may be, on the 20th day of June, 1893, notice was served on the respondents that on the 28th day of June an application would be made for a continuance. On said 28th day of June the judge signed an order extending the time for the settlement of the statement of facts until July 30, and thereupon appellants filed another statement of facts.

It is claimed by the appellants that they acted under the law of March 8, 1893 (Laws, p. 111). Sec. 13 of said law provides that a proposed bill of exceptions or statement of facts must be filed and served either before or within thirty days after the time begins to run within which an appeal may be taken from the final judgment in the cause, or, as the case may be, from an order with a view to an appeal from which the bill or statement is proposed: *Provided*, That the time herein prescribed may be enlarged either before or after its expiration, once or more, but not for more than sixty days additional in all, by stipulation of the parties, or for good cause shown, etc. On this provision the appellants base their right of appeal in this action.

The contention of the respondents is that, while even under the old law the court would have a right to continue the time for the settlement of a statement, if the application was made within the time prescribed, yet after the time prescribed by statute had expired the court had lost jurisdiction, and any order which the court might make in the premises was void, and not binding upon the respondents. This undoubtedly is true, for the statute only gives jurisdiction to the court to grant the appeal or settle the statement of facts, and the terms of the statute must be complied with.

The contention of the appellants is that the law of 1893, which was approved March 8, 1893, without any emergency clause, and which, therefore, did not go into effect until June 7, 1893, controls the proceedings in this case for the reason that § 18 of said act provides that, "This act shall govern proceedings had after it shall take effect, in actions then pending as well as those in actions thereafter begun." It is true that the act provides that it shall govern proceedings in actions then pending, but that evidently means the subsequent proceedings in actions then pending, and not prior proceedings or proceedings prior to the taking effect of the act. If there were any doubt about the meaning of this act it is all removed by the subsequent portion of said section which provides, in terms, that it shall not affect any right acquired or proceedings had prior to the time when it shall take effect, nor restore any right or enlarge any time then already lost or expired. The right of appeal in this action was acquired previously to the time when the law went into effect. The right to settle the statement had been lost prior to the time this law went into effect, and under the plain provisions of the law such right cannot be restored or enlarged. The language of the section is so plain and unambiguous that it is impossible to construe it. Under the provisions of

the law of 1891, then, the time for the settlement of the statement of facts having expired, the court had no jurisdiction to make the order extending the time, and all proceedings taken and had by the court after the expiration of the time for the filing of the statement were void.

The motion will, therefore, be sustained and the statement stricken. As the appeal is taken from matters exclusively embodied in the statement of facts the result will be that the judgment will be affirmed.

ANDERS, SCOTT, HOYT and STILES, JJ., concur.