[No. 4012.   Decided October 17, 1901.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM ALDON SEATON, *Appellant*.

APPEAL — DISMISSAL — TIME OF FILING STATEMENT OF FACTS — MANDATORY PROVISIONS.

The time prescribed by Bal. Code, § 5062, within which a statement of facts on appeal must be filed is a mandatory provision, going to the substance of the appeal, and is not a matter in which amendment or extension of time is permitted under Laws 1899, p. 79, which provides that, upon a motion to dismiss an appeal, the supreme court "may grant the same in whole or in part, but when any such motion does not go to the substance of the appeal, or to the right of appeal, and the court shall be of the opinion that the moving party can be compensated in costs, or by the imposition of other terms for any delay of the appellant which is made the ground of any such motion (except a failure

to take the appeal within the time limited by law) the court, in its discretion, may deny the motion on such terms as may be just."

Appeal from Superior Court, King County.—Hon. ARTHUR E. GRIFFIN, Judge. Appeal dismissed.

*H. C. Gill* and *Hoyt & Frye,* for appellant.

*Walter S. Fulton,* Prosecuting Attorney, and *Vince H. Faben,* for the State.

PER CURIAM.—The appellant was informed against for the crime of murder in the first degree, tried, and found guilty by a jury. Sentence was pronounced upon the verdict on the 15th day of April, 1901, at which time the appellant gave notice of appeal to this court. On August 30, 1901, the respondent filed a short record in this court showing the trial, verdict, judgment, and sentence, notice of appeal, and that the appeal had not been perfected within the time prescribed by law, and moved for its dismissal. The appellant appeared by counsel, and opposed the motion to dismiss, showing by affidavit that he is without means, and was unable to get a transcript of the evidence from which to prepare his statement of facts until after the motion to dismiss was served upon him. He further showed that the trial court, by order entered of record, granted him ninety days in addition to the time limited by § 5062 of the Code in which to prepare, file, and serve a statement of facts.

It is conceded that the statement of facts was not filed nor served within the ninety days prescribed by statute, and that the record presents no question other than what is shown by the statement of facts. The sole question presented here therefore is, had the trial court power to extend the time for the filing and serving the statement of facts

beyond the ninety days? That it had not this power prior to the amendment of 1899, relating to motions to dismiss appeals (Session Laws 1899, p. 79), has been repeatedly held by this court, and we have applied the rule alike to criminal and civil cases. *Oliver v. Lewis,* 9 Wash. 572 (38 Pac. 139); *Loos v. Rondema,* 10 Wash. 164 (38 Pac. 1012); *State v. Hinchey,* 5 Wash. 326 (31 Pac. 870); *State v. Picani,* 5 Wash. 343 (31 Pac. 878).

But it is said the amendment of 1899 has changed the rule. That amendment is as follows:

"If the supreme court on the hearing of any such motion or motions shall find the grounds or any thereof alleged, for the same, to be well taken and true in effect, the court may grant the same in whole or in part, but when any such motion does not go to the substance of the appeal, or to the right of appeal, and the court shall be of the opinion that the moving party can be compensated in costs, or by the imposition of other terms for any delay of the appellant which is made the ground of any such motion (except a failure to take the appeal within the time limited by law) the court, in its discretion, may deny the motion on such terms as may be just. The court shall upon like terms allow all amendments in matters of form, curative of defects in proceedings to the end that substantial justice be secured to the parties, and no appeal shall be dismissed for any informality or defect in the notice of appeal, the appeal bond, or the service of either thereof, or for any defect of parties to the appeal if the appellant shall forthwith, upon order of the supreme court, perfect the appeal."

It will be observed that the court is still required to enforce the provisions of the existing statutes which go to the substance of the appeal. These the court cannot ignore. What, then, is meant by the "substance of the appeal?" We think it must be those mandatory provisions relating to the procedure over which the legislature

has given the courts no power of control; such as the time within which the notice of appeal must be given (§ 6502), the time within which the bond for costs must be filed (§ 6505), the amount of the bond (§ 6506), the time within which a bill of exceptions or statement of facts must be filed and served (§ 5062) ; and in fact all of the mandatory requirements of the statute made necessary to the perfection of the appeal. Indeed, if these requirements be not matters of substance, there can be none such in the statute prescribing the procedure, and the whole of the statute is directory. We cannot hold the entire statute to be directory because of this amendment. The due administration of justice requires that the rules relating to the time in which an appeal shall be taken and perfected be definite and fixed. Anything else is confusion. And it would seem that, had it been intended by the legislature that the rules fixing these times should be enforced or ignored as the courts might, in the exercise of their discretion, direct, it would have said so in terms, and not left it to be inferred from language couched in loose generalities and of doubtful interpretation. The legislature has power to regulate the right of appeal. Such regulations, when reasonable, infringe upon no constitutional rights of a litigant. While this court may and does feel their hardships, when applied to certain individual cases, yet it cannot for that reason, without a usurpation of power, ignore or override the plain mandates of the statutes which prescribe such regulations.

The appeal is dismissed.