[No. 5797. Decided October 30, 1905.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM WHITE, *Appellant.*[1]

APPEAL — EXTENDING TIME FOR TAKING — STATEMENT OF FACTS— TIME FOR FILING—EXTENDING BEYOND NINETY DAYS. The courts have no power, even in a capital case, to extend the time for taking an appeal from a final judgment or for proposing a statement of facts, beyond ninety days from the date of rendition of the judgment, as required by the provisions of the statute, which are mandatory.

SAME—FAILURE TO FILE TRANSCRIPT, STATEMENT OF FACTS, AND BRIEFS—DISMISSAL. An appeal, even in a capital case, must be dismissed, where no transcript, statement of facts, or briefs are filed, and there is no error in the record subject to review.

Motion to dismiss an appeal from a judgment of the superior court for King county, Griffin, J., entered March 17, 1905, upon a conviction of murder, and an application to the supreme court, upon the hearing of such motion, for a writ of mandamus to compel the superior court to extend the time for taking an appeal, and to direct the preparation of a statement of facts at public expense. Writ denied. Appeal dismissed.

*William O'Connor* and *A. A. Booth,* for appellant.

*Kenneth Mackintosh,* for respondent.

RUDKIN, J.—The defendant was informed against in the court below for the crime of murder in the first degree, and upon his trial the jury returned a verdict of guilty as charged. Final judgment was entered on the 17th day of March, 1905, and on the same day the defendant gave notice of appeal to this court.

On the 15th day of June, 1905, the appellant made application to the court below for an order extending the time in which to appeal from the judgment, for a period of thirty days, for the reason that he had not the necessary means to

1Reported in 82 Pac. 743.

procure a transcript of the record on appeal. This application was supported by two affidavits. In the first, the appellant averred that he had been unable to procure a transcript of the record by reason of his poverty, but, if an extension of thirty days were granted, he would be able to procure the necessary funds to perfect his appeal. In the second, he averred that he was without means to procure a transcript of the stenographer's notes of the testimony taken at the trial in order that he might prepare and serve a proposed statement of facts or bill of exceptions, and asked that the court require the stenographer to furnish the same at public expense. These applications were denied by the court on the same day.

On the 15th day of August, 1905, the state filed a short record here, and moved to dismiss the appeal, for the reasons, that no statement of facts or bill of exceptions had been filed or served; that no transcript of the record on appeal had been filed in the court below, or in this court; and that no briefs on appeal had been filed or served. The appellant appeared at the hearing of this motion, and filed a counter application for a writ of mandamus directing the court below, in effect, to grant the application which it had theretofore denied as above stated. By consent of parties, both motions were heard together. We will first consider the application for the writ of mandate.

It will be seen from the foregoing statement that the application made to the court below was, first, for an order extending the time in which to prosecute an appeal for the period of thirty days, and second, for an order requiring the stenographer to furnish a proposed statement of facts or bill of exceptions at public expense. In support of his application for the writ, the appellant earnestly insists that he has a constitutional right to appeal from the judgment against him, and that such right cannot be impaired or forfeited by reason of his poverty. The right of appeal in such cases is no doubt guaranteed by the constitution, but the procedure

on appeal is entirely statutory, and this court is powerless to grant relief against a failure to comply with the mandatory requirements of the statutes governing appeals. Two of these mandatory requirements are, that an appeal from a final judgment must be taken within ninety days from the date of rendition, and that the time for filing and serving a proposed statement of facts or bill of exceptions cannot be extended beyond ninety days from the entry of the judgment or order appealed from. *State v. Seaton,* 26 Wash. 305, 66 Pac. 397, and cases cited.

The application presented to the court below was styled, "An application to extend the time in which to take an appeal." Such relief the court was powerless to grant. If it were intended as an application for an extension of the time for filing and serving a bill of exceptions or statement of facts, the court was equally powerless, as the application was not made until the ninetieth day after the rendition of the final judgment. It would have been futile for the court below to require the state to furnish a proposed statement of facts to be filed more than ninety days after the entry of the judgment appealed from, and it would be equally futile for this court to make such an order now. We are not called upon to decide whether a court should compel the state to furnish a statement of facts on appeal, in any case or under any circumstances. The application for the writ is therefore denied.

This court would not dismiss an appeal in a capital case for failure to file a transcript or serve briefs, where the omission could be supplied; but it is conceded that there is no error in the record subject to review in this court, in the absence of a bill of exceptions or statement of facts, and such omission cannot be supplied at this time. The motion to dismiss and affirm must, therefore, be granted, and it is so ordered.

MOUNT, C. J., DUNBAR, CROW, FULLERTON, HADLEY, and ROOT, JJ., concur.