[No. 29225. Department One. February 10, 1944.]

THE STATE OF WASHINGTON, *Respondent*, v. CLARENCE F. BELL, *Appellant*.[1]

*Michael J. Kerley*, for appellant.

*John Hancock*, for respondent.

[1]Reported in 145 P. (2d) 903.

GRADY, J.—This is an appeal taken by Clarence F. Bell from a judgment of the superior court of Washington for Okanogan county, adjudging him guilty of the crime of grand larceny and directing that he be punished by confinement in the state penitentiary. The state has filed a motion that the appeal be dismissed for failure of the appellant to file in this court a certified statement of facts or a bill of exceptions within sixty days after giving notice of appeal.

The judgment in this case was rendered and entered on September 7, 1943. On that date, the appellant served and filed with the clerk of the superior court a notice of appeal from the judgment to this court. On November 4, 1943, pursuant to application made by the appellant, this court entered an order extending the time within which to file a certified statement of facts and the opening brief of appellant with the clerk to November 21, 1943. On November 24, 1943, the appellant filed in the office of the clerk of the superior court of Washington for Okanogan county a statement of facts, which the prosecuting attorney and counsel for appellant, in writing, stipulated should constitute the statement of facts to be filed with the clerk of this court. On November 24, 1943, the trial judge certified this statement of facts. The certified statement of facts was filed in the office of the clerk of this court on November 26, 1943.

Rule XII of this court, 193 Wash. 15-a, subd. 3, in so far as it is applicable to the question now before us, is as follows:

"No appeal in a criminal cause shall be effectual for any purpose unless the appellant shall, within sixty days after giving notice of appeal as hereinbefore provided, have filed or caused to be filed with the clerk of the supreme court the following:

"(a) A statement of facts or bill of exceptions served on the respondent and certified by the judge of the superior court according to the procedure, so near as may be, in civil causes; . . .

 "Except as herein otherwise provided, . . . the filing in the supreme court of a certified statement of facts, . . . shall be jurisdictional.

"In any case where the proposed statement of facts or bill of exceptions has been filed with the clerk of the superior court within sixty days after giving notice of appeal as hereinabove provided, but the appellant, through no fault of his own, is unable to have the same certified in time to file the same with the clerk of the supreme court within the time herein specified, the time for such certification may, upon good cause shown, be extended by the chief justice of the supreme court, or, in his absence, any other judge thereof; and if such extension be granted, said chief justice of the supreme court or judge thereof shall, in the same order, fix the time for filing the appellant's opening brief and abstract of record."

The appellant failed to file with the clerk of the superior court a proposed statement of facts or bill of exceptions within sixty days from the time of filing his notice of appeal. Instead of doing this, he applied to this court for an order extending the time for filing in the supreme court the appellant's certified proposed statement of facts and appellant's opening brief.

When the motion for such extension was presented to this court on November 4, 1943, it was assumed by the court that appellant would file a proposed statement of facts in the office of the clerk of the superior court, as it was stated in the affidavit of counsel for appellant, made in support of the motion, that this would be done before noon of November 5, 1943, and it was also stated in the affidavit that the appellant would require until the 21st of November within which to get the statement of facts certified by the trial judge and filed with the clerk of this court. The appellant seeks to justify the method he pursued on the theory that, rather than file in the office of the clerk of the superior court a proposed statement of facts which might, because of existing conditions over which he had no control, be "thrown together haphazardly" and be incomplete, the spirit of the rule relating to criminal appeals would be better served and the appeal in fact

expedited by filing an agreed statement of facts and having it certified by the trial judge, even though by so doing the prescribed time fixed by the rule and as extended by order of the court would lapse. However commendable the purpose of appellant was, in fact, as he viewed it, to expedite the appeal, the rule of court requiring the filing of certain enumerated documents within the prescribed time is mandatory, and, if the rule is not strictly complied with, the appeal does not become effectual and is subject to dismissal. *State v. Marcy*, 189 Wash. 493, 65 P. (2d) 1271; *State v. Currie*, 200 Wash. 699, 94 P. (2d) 754; *State v. Hampson*, 9 Wn. (2d) 278, 114 P. (2d) 992.

The motion to dismiss the appeal is granted.

SIMPSON, C. J., BEALS, STEINERT, and JEFFERS, JJ., concur.