[Nos. 31014, 31024, 31036, 31138.  August 1, 1950.]

THE STATE OF WASHINGTON, *Respondent*, v. RALPH GUNDLACH, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. RACHMIEL FORSCHMIEDT, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. ALBERT OTTENHEIMER, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. FLORENCE BEAN JAMES, *Appellant*.[1]

*Caughlan & Hatten* (*Clifford D. O'Brien, Solomon Sachs,* and *Thomas F. Lynch,* of counsel), for appellant.

*Charles O. Carroll* and *John L. Vogel,* for respondent.

*Edward E. Henry, Solie M. Ringold, John S. Harlow,* and *Kenneth A. MacDonald, amici curiae.*

PER CURIAM.—These cases were consolidated for hearing by this court and are companion cases to *State v. James,* filed this day.

The record contained in the transcripts shows that in each case the defendant was convicted of a crime and was duly sentenced by the trial court and that the defendant appealed to this court.  The record also discloses that the statement of facts in each case was filed in the office of the clerk of the superior court at a time more than ninety days after the notice of appeal was given.  In each case, appellant was

[1]Reported in 221 P. (2d) 502.

given additional time in which the statement of facts might be certified by the trial court. No additional time was, or could have been, given in which to file the statement of facts.

Appellants admit that their statements of facts were filed at a time subsequent to ninety days after notice of appeal was given. They contend, however, that they were allowed additional time by this court in which to have certified their statements of facts, and that, having filed their statements within the time allowed for certification, they have complied with the rule relative to the time allowed for the filing of statements of facts.

There is no merit in their argument. An examination of our numerous opinions relative to the meaning of our rule regarding the time in which statements of facts must be filed reveals the fact that never, except in two cases (*State v. Brown,* 26 Wn. (2d) 857, 176 P. (2d) 293, and *State ex rel. Bird v. Superior Court,* 30 Wn. (2d) 110, 190 P. (2d) 762) has this court failed to strike the statement of facts and dismiss an appeal in which it appeared that the statement of facts had not been filed within the period of time fixed by statute or rule of this court.

The first law governing the time in which statements of facts in criminal appeals should be filed appears in § 13, chapter 60, Laws of 1893, p. 116, as follows:

"A proposed bill of exceptions or statement of facts must be filed and served either before or within thirty days after the time begins to run within which an appeal may be taken from the final judgment in the cause, . . . *Provided,* That the time herein prescribed may be enlarged either before or after its expiration, once or more, but not for more than sixty days additional in all, by stipulation of the parties, or, for good cause shown and on such terms as may be just, by an order of the court or judge wherein or before whom the cause is pending or was tried, made on notice to the adverse party. . . ."

March 1, 1935, this court adopted Rule 17, Rules of Pleading, Procedure and Practice, 178 Wash. xxxvii, which provides in part:

"2. No appeal in a criminal case shall be effectual for any purpose unless the appellant shall, within sixty days after giving notice of appeal as hereinbefore provided, have filed or caused to be filed with the clerk of the supreme court the following:

"(a) A statement of facts or bill of exceptions served on the respondent and certified by the judge of the court below according to the procedure, so near as may be, in civil cases;"

Rule of Supreme Court 12, 193 Wash. 14-a, became effective August 1, 1938, a portion of which reads as follows:

"3. No appeal in a criminal cause shall be effectual for any purpose unless the appellant shall, within sixty days after giving notice of appeal as hereinbefore provided, have filed or caused to be filed with the clerk of the supreme court the following:

"(a) A statement of facts or bill of exceptions served on the respondent and certified by the judge of the superior court according to the procedure, so near as may be, in civil causes;"

The present rule, Rule of Supreme Court 12, 18 Wn. (2d) 14-a, became effective March 2, 1944, and provides in part:

"(3) Strict conformance with the following requirements shall be necessary, and no appeal to the supreme court in a criminal cause shall be effectual unless:

"First, notice of appeal shall have been given in the manner and at the time specified in (1) (a) of this rule;

"Second, within ninety days after giving notice of appeal, appellant shall cause to be filed in the office of the clerk of the supreme court or of the clerk of the superior court:

"(a) The statement of facts or bill of exceptions, when it is necessary for a decision of the case on appeal, showing service on respondent and certified by the judge of the superior court: . . ."

In interpreting the statute, this court has held that it did not have the power to extend the time for filing a statement of facts beyond the ninety days provided in the act. *State v. Hinchey*, 5 Wash. 326, 31 Pac. 870; *State v. Picani*, 5 Wash. 343, 31 Pac. 878; *Oliver v. Lewis*, 9 Wash. 572, 38 Pac. 139; *Loos v. Rondema*, 10 Wash. 164, 38 Pac. 1012.

In the case of *State v. Seaton*, 26 Wash. 305, 66 Pac. 397, the defendant was found guilty of murder in the first degree.

The statement of facts was not filed within the ninety days prescribed by statute. This court dismissed the appeal presented by defendant, and, in so doing, said:

"The due administration of justice requires that the rules relating to the time in which an appeal shall be taken and perfected be definite and fixed. Anything else is confusion. And it would seem that, had it been intended by the legislature that the rules fixing these times should be enforced or ignored as the courts might, in the exercise of their discretion, direct, it would have said so in terms, and not left it to be inferred from language couched in loose generalities and of doubtful interpretation. The legislature has power to regulate the right of appeal. Such regulations, when reasonable, infringe upon no constitutional rights of a litigant. While this court may and does feel their hardships, when applied to certain individual cases, yet it cannot for that reason, without a usurpation of power, ignore or override the plain mandates of the statutes which prescribe such regulations."

The defendant, in *State v. White,* 40 Wash. 428, 82 Pac. 743, was tried and convicted of the crime of murder in the first degree. He did not file a statement of facts, but asked for time, in addition to that provided by statute, to have his statement prepared. This court, on the motion of the state, dismissed the appeal and affirmed the judgment.

In *State v. Terrien,* 111 Wash. 345, 190 Pac. 1017, we held:

"Under the holdings of this court the filing of the statement of facts or bill of exceptions within the statutory time is jurisdictional and, after this time has expired, the court cannot extend the time and permit a statement of facts or bill of exceptions to be filed."

In *State ex rel. Soudas v. Brinker,* 128 Wash. 319, 222 Pac. 615, it appears that the defendant had been sentenced to the state penitentiary for life, January 31, 1917. He then gave notice of appeal. Before the expiration of ninety days, and before any statement of facts had been filed, defendant escaped and was not taken into custody again until after the expiration of six years. He filed a statement of facts in the superior court August 15, 1923. The trial judge refused to certify the statement of facts, and defendant filed in this

court his petition asking that the judge be commanded to sign the statement of facts. After quoting from the *White* and *Terrien* cases, we said:

"Under these authorities, a *proposed statement of facts filed more than ninety days after* the time of appeal begins to run is wholly unauthorized and *is a nullity,* and the trial court is without jurisdiction to certify it. *But did that court certify this proposed statement we would be required to strike it for the reasons we have given.* We will not do a useless thing and require the lower court to certify to the statement simply that we may strike it after it has reached here." (Italics ours.)

In *State v. Harder,* 130 Wash. 367, 227 Pac. 501, this court held that it could not consider a statement of facts filed and certified after the expiration of the time provided by law. In that case the *judgment was affirmed.*

We held in *State v. Sholund,* 153 Wash. 398, 279 Pac. 591, that a statement of facts served and filed out of time must be stricken on motion. In that case, the statement of facts was not filed within the time provided. The court *struck the statement of facts and affirmed the judgment.*

The next case is that of *State v. Marcy,* 189 Wash. 493, 65 P. (2d) 1271. The defendant had been convicted of grand larceny, and gave notice of appeal. The state appeared in this court and moved to dismiss the appeal on the ground *that no statement of facts had been filed within the time* fixed by Rule of Practice 17, 178 Wash. xxxvii and xxxviii. This court granted the motion and *dismissed the appeal.*

It appears in *State v. Currie,* 200 Wash. 699, 94 P. (2d) 754, that appellant had been convicted of a crime. Notice of appeal was given September 24, 1938. The statement of facts was filed January 31, 1939, which was more than ninety days after the notice of appeal was given. In a well considered opinion, Judge Robinson, speaking for the court, held that the filing of the statement of facts was a jurisdictional step, and that, when appellant failed to file his statement of facts within the ninety-day period, this court *was without jurisdiction to consider the appeal for any purpose.* The

*appeal was dismissed for failure to file a statement of facts in time.*

Because of appellant's failure to file the statement of facts in time, this court dismissed the appeal in *State v. Nelson,* 6 Wn. (2d) 190, 107 P. (2d) 1113.

In *State v. Hampson,* 9 Wn. (2d) 278, 114 P. (2d) 992, we *dismissed an appeal* in a first-degree murder case for failure to file an *abstract of record within the time mentioned in the rule.*

And, in *State v. Conners,* 12 Wn. (2d) 128, 120 P. (2d) 1002, the *appeal was dismissed because of the failure of appellant to pay his appearance fee within the time limited by court rule.*

The reason given for not applying the rule in the *Brown* and *Bird* cases is contained in the following excerpt from the *Brown* case:

"This is an extreme case, involving as it does the sentence to execution of two prisoners. It is only for this reason that this court has seen fit to exercise its rule-making power in such manner as to suspend its existing rule for the moment in order to permit the appellants to have their day in this court.

"To summarize our views, as expressed herein, and in an endeavor to clarify those views for members of the bar, we wish to state that the sole reason for suspending the strict requirements of our Rule 12 in the instant case is that the appellants were sentenced to forfeit their lives in punishment for their crimes. We are of the opinion that capital cases should not be embraced within the rigid requirements of the rule."

In *State v. Bell,* 20 Wn. (2d) 64, 145 P. (2d) 903, appellant had been convicted of grand larceny. Judgment and sentence were duly entered and notice of appeal given. However, the appellant did not file in the office of the county clerk a statement of facts within the time limited by the rule in effect. The state moved to dismiss the appeal and this court granted the motion and in doing so used the following language:

"The appellant failed to file with the clerk of the superior court a proposed statement of facts or bill of exceptions within sixty days from the time of filing his notice of appeal.

Instead of doing this, he applied to this court for an order extending the time for filing in the supreme court the appellant's certified proposed statement of facts and appellant's opening brief.

"When the motion for such extension was presented to this court on November 4, 1943, it was assumed by the court that appellant would file a proposed statement of facts in the office of the clerk of the superior court, as it was stated in the affidavit of counsel for appellant, made in support of the motion, that this would be done before noon of November 5, 1943, and it was also stated in the affidavit that the appellant would require until the 21st of November within which to get the statement of facts certified by the trial judge and filed with the clerk of this court. The appellant seeks to justify the method he pursued on the theory that, rather than file in the office of the clerk of the superior court a proposed statement of facts which might, because of existing conditions over which he had no control, be 'thrown together haphazardly' and be incomplete, the spirit of the rule relating to criminal appeals would be better served and the appeal in fact expedited by filing an agreed statement of facts and having it certified by the trial judge, even though by so doing the prescribed time fixed by the rule and as extended by order of the court would lapse. However commendable the purpose of appellant was, in fact, as he viewed it, to expedite the appeal, the rule of court requiring the filing of certain enumerated documents within the prescribed time is mandatory, and, if the rule is not strictly complied with, the appeal does not become effectual and is subject to dismissal. [Citing the *Marcy, Currie* and *Hampson* cases, supra.]

"The motion to dismiss the appeal is granted."

We held in *Black v. Porter*, 31 Wn. (2d) 664, 198 P. (2d) 670, that the rule relative to filing a statement of facts within the time limited by the rule is mandatory, and that the filing of the statement of facts as required by the rule is jurisdictional.

The statement of facts in *Woodard v. Kuhn*, 32 Wn. (2d) 96, 200 P. (2d) 739, was stricken for the same reason as in the last case cited.

The reasons for our conclusions reached in the cited cases are necessarily compelling. This court cannot review a case without having the statement of facts. Without the state-

ment, we are at a loss to know what transpired during the trial. The facts may have been conclusive. The defendant may have made admissions amounting to a confession; or an information which, standing alone, might be defective, may have, by authority of Rule of Practice 12, 18 Wn. (2d) 40-a, been amended orally or by the introduction of evidence without objection. *State v. Johnson,* 32 Wn. (2d) 268, 201 P. (2d) 223.

In conformity with the rule and our numerous decisions, we dismiss the appeals.

October 11, 1950. Petition for rehearing denied.