[No. 4551.   Decided March 17, 1903.]

MARY E. HARPEL, *Appellant*, v. ELMER J. HARPEL, *Respondent*.

APPEAL — STATEMENT OF FACTS — DELAY IN FILING — EXCUSE.

An order of the court granting an extension of time for the filing of a statement of facts, made without notice to the adverse party and in the absence of a stipulation for such extension, was improper, when the only excuse for the delay and the want of notice was the inability of the appellant to sooner raise funds for the prosecution of the appeal.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge.   Appeal dismissed.

*Frank C. Owings*, for appellant.

*Troy & Falknor*, for respondent.

PER CURIAM—This appeal is from an order of the lower court refusing to modify a decree of divorce so

as to change the custody of a son, now fifteen years of
age, from the father to the mother, upon the ground that
the mother, by reason of wealth and residence in the city,
is more competent to have the custody of the son than
the father, who resides in the country, and that the change
of custody will be beneficial to the son. A motion is made
to strike the statement of facts and dismiss the appeal.
The order appealed from was entered on April 10, 1902.
The last day upon which the statement could be filed with-
out an extension of time was May 9, 1902. It was not
filed or served until June 30, 1902. On this date an order
was made extending the time sixty days, but this order
was made without stipulation and without notice to re-
spondent or his attorneys. At the time the application
was made appellant's attorney filed an affidavit, in which
it was stated, in substance, that appellant had been dis-
appointed in raising money with which to prosecute the
appeal, and that when she obtained the money there was
not sufficient time within which to notify respondent's
attorney of an application for an extension. We think
this showing was entirely insufficient. No money was re-
quired to obtain an extension of time within which to file
the statement. No showing was made to excuse the neg-
lect to serve and file the motion for an extension within
time, except that appellant was uncertain whether the
appeal could be prosecuted on account of funds. This
showing does not excuse the delay in serving the applica-
tion for extension of time for filing the application. The
case falls squarely within the rule of *Wollin v. Smith,* 27
Wash. 349 (67 Pac. 561) and *McQuesten v. Morrill,* 12
Wash. 335 (41 Pac. 56), and must be dismissed.