[No. 4848.   Decided October 27, 1903.]

FRANK A. JONES *et al., Appellants,* v. JOSEPHINE C. HER-
RICK *et al., Respondents.*[1]

APPEAL—DISMISSAL—BOND—JUSTIFICATION OF SURETIES.   An
appeal will not be dismissed because the justification of the sure-
ties states they are worth $200 in property *not* subject to execu-
tion, where no exception to their sufficiency was taken below,
as the use of the word "not" was evidently a clerical error.

STATEMENT OF FACTS—TIME FOR FILING.   A statement of facts
not served within thirty days from the rendition of the judgment,
where no extention was obtained will be struck out, as § 5062,
Bal. Code, is mandatory.

BRIEFS—RULES OF COURT.   A brief will not be struck out for
failure to page the exhibits, where no material injury resulted
from the non-observance of rule 8.

Motions to dismiss an appeal from a judgment of the
superior court for King county, Tallman, J., and to strike
briefs.   Denied.

Also, motion to strike statement of facts.   Granted.

*S. S. Langland,* for appellants.

*Mitchell Gilliam,* for respondents.

DUNBAR, J.—Respondents interpose four motions in
this case: (1) to dismiss the appeal, (2) to strike the
statement of facts, (3) to strike the exhibits attached to
the transcript, and (4) to strike the briefs and affirm the
decree.

The motion to dismiss the appeal is based upon the de-
fective affidavit of the sureties, of which the following is
a copy:

"State of Washington, County of King.—ss.

"John P. Jacobson and William Thaanum, upon their
oaths does depose and say, each for himself and not for the

[1]Reported in 74 Pac. 332.

other, that he is worth the sum of two hundred ($200) dollars in property in the State of Washington, not subject to execution and force sale over and above all liabilities and exemptions.

"(Signed)    John P. Jacobson, Wm. Thaanum. "Subscribed and sworn to," etc.

The statute provides, and we have uniformly held, that exceptions to the sufficiency of the surety or sureties in an appeal bond should be taken in the court below, where an examination in detail is made of the sufficiency of the sureties in all respects.    It is, however, claimed by the respondents that this bond is not governed by § 6510, Bal. Code, which requires the sureties, on motion of the respondent, to appear before the judge and justify as to their sufficiency, for the reason that it affirmatively appears from the justification that the sureties are not competent and legal sureties under the provisions of the law, because the affidavit states that each surety is worth the sum of $200 *not* subject to execution and forced sale, over and above all liabilities and exemptions.    But the word "not" in this bond is so evidently a clerical error that the court does not feel justified in construing it literally, the evident intention of the affiants being to state that they were worth $200 subject to execution over and above all liabilities and exemptions.    The motion to dismiss the appeal will therefore be denied.

The second motion—to strike the statement of facts— must, however, be sustained.    It appears from the record that the proposed statement of facts was not served upon respondents within thirty days from the rendition of the judgment, and that no extension of time was obtained either by stipulation or order of the court.    § 5062, Bal. Code, provides that a proposed bill of exceptions or statement of facts must be filed and served either before or

within thirty days after the time begins to run within which an appeal may be taken from the final judgment of the cause. This provision of the statute has been held by this court to be mandatory, and in the case of *State v. Seaton,* 26 Wash. 305, 66 Pac. 397, it was said:

"The due administration of justice requires that the rules relating to the time in which an appeal shall be taken and perfected be definite and fixed. Any thing else is confusion. And it would seem that, had it been intended by the legislature that the rules fixing these times should be enforced or ignored as the courts might, in the exercise of their discretion, direct, it would have said so in terms, and not left it to be inferred from language couched in loose generalities and of doubtful interpretation."

To the same effect, *State v. Landes,* 26 Wash. 325, 67 Pac. 72; *Wollin v. Smith,* 27 Wash. 349, 67 Pac. 561. This disposes of the third motion—to strike the exhibits attached to the transcript.

The motion to strike the brief and affirm the decree for the reason that the exhibits are not paged will be denied. An examination of the brief and the record satisfies us that no material injury has been effected by the non-observance of rule 8.

The cause will be retained for the adjudication of any questions arising upon the pleadings.

FULLERTON, C. J., and HADLEY, ANDERS, and MOUNT, JJ., concur.