(No. 5682. Decided May 23, 1905.)

ANDREW HUMES, *Respondent,* v. C. D. HILLMAN *et al., Appellants.*[1]

APPEAL AND ERROR—RECORD—STATEMENT OF FACTS—MOTION TO STRIKE—AFFIDAVITS. A motion to strike a statement of facts must be heard upon the record, and conflicting affidavits of the attorneys as to an extension of time for filing the statement will not be considered by the supreme court.

APPEAL AND ERROR—STATEMENT OF FACTS—TIME FOR SETTLEMENT— EXTENSION—ORAL AGREEMENT. An oral agreement to enter into a stipulation to extend the time for filing a statement of facts cannot be considered, and will not prevent the striking of a statement not settled within the time prescribed by law.

APPEAL AND ERROR — RECORD — TRANSCRIPT — FAILURE TO FILE IN TIME—DISMISSAL. Where the transcript is not filed within the time prescribed by law, without any sufficient excuse being made for such failure, nor at the time a motion for dismissal is made, the appeal will be dismissed.

Motion to dismiss an appeal from a judgment of the superior court for King county, Morris, J., entered January 4, 1905. Granted.

*William C. Keith,* for appellants.

*C. A. Reynolds,* for respondent.

DUNBAR, J.—Respondent moves to strike from the record the statement of facts filed by appellants, and to dismiss the appeal from the judgment, entered herein by the superior court of King county, Washington, for the reason, that the statement of facts was not filed within thirty days

[1] Reported in 80 Pac. 1104.

of the date of the judgment; that no extension for the filing of said statement was granted by order of court, upon notice to respondent or by stipulation; and that the transcript was not filed or certified within ninety days from the serving and filing of the notice of appeal.

The judgment was entered January 4, 1905; motion for new trial overruled January 31, 1905; statement of facts served April 7, 1905; statement of facts settled April 15, 1905. Under Pierce's Code, § 679, it is evident that the statement of facts was not filed within the time prescribed. by law, unless the time was enlarged by stipulation, or by order of court made on notice to the adverse party, and that the transcript was not filed within the provisions of § 1061, of Pierce's Code.

. There is no excuse offered in the record for the failure to settle the statement of facts within the time prescribed by the statute, excepting the claim that an oral stipulation was entered into between the attorneys for the respondent and appellants, whereby the time was to be extended. This is denied by the attorney for the respondent, and affidavits are presented by both the respondent and the appellants upon this proposition. This court has uniformly held that it is not within its province to decide between attorneys on questions of this kind, and the affidavits in this case, with criminating and recriminating accusations, exemplify the wisdom of the rule. There must be a record here upon which the court can act.

It is contended by the attorney for the appellants that, inasmuch as the counsel for respondent agreed to enter into a written stipulation, such agreement is equivalent to a written stipulation. But there seems to be no force in this contention. Even conceding, without deciding, that such an agreement had been made, the agreement to enter into a written stipulation was as much an oral agreement as any other oral agreement.

There having been no written stipulation, or order of the

court on notice to the adverse party, to extend the time for filing the statement of facts, and no excuse being offered for a failure in that respect, the statement of facts will be stricken; and the transcript, not having been filed within the time prescribed by law, without any sufficient excuse for such failure, and not having been filed at the time this motion was made, will also be stricken, and the cause dismissed.

MOUNT, C. J., ROOT, HADLEY, FULLERTON, CROW, and RUDKIN, JJ., concur.