[No. 6364.    Decided December 21, 1906.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE H. ASCHENBRENNER, *Appellant.*[1]

APPEAL AND ERROR—RECORD—STATEMENT OF FACTS—TIME FOR FIL-ING. Where a statement of facts is not filed within the time limited by statute, it must be struck out, and the judgment will be affirmed if none of the assignments of error can be reviewed without its aid.

Appeal from a judgment of the superior court for Whitman county, Chadwick, J., entered March 13, 1906, upon a trial and conviction of the crime of rape. Affirmed.

*M. O. Reed* and *J. Hugh Sherfey*, for appellant.

*R. H. Kipp*, for respondent.

[1]Reported in 87 Pac. 1118.

PER CURIAM.—The appellant was convicted of rape on the person of a female child under the age of consent, and appeals from the judgment pronounced upon him.

The respondent moves to strike the statement of facts, because not filed and served within the time limited by statute. The record discloses that the statement was filed and served some thirty-seven days after the judgment was pronounced and the right of appeal accrued, and the record fails to show that the time for filing the statement was extended, or that any application to extend the time was made. In *State v. Seaton*, 26 Wash. 305, 66 Pac. 397, this court held that the provision of the statute fixing the time in which a notice of appeal must be given, and the time within which the statement of facts must be filed after taking an appeal, were mandatory provisions over which the appellate court had no control, and unless the record on appeal showed a compliance with them, the court could not, without a usurpation of power, entertain the appeal. The principle announced applies to the case before us, and we are constrained to hold that the statement must be stricken. See, also, *State v. Landes*, 26 Wash. 325, 67 Pac. 72; *Crowley v. McDonough*, 30 Wash. 57, 70 Pac. 261; *Humes v. Hillman*, 39 Wash. 107, 80 Pac. 1104.

The conclusion we have reached concerning the statement of facts requires an affirmance of the judgment, as none of the questions suggested in the assignment of errors can be reviewed without its aid. The judgment must be affirmed, and it is so ordered.