[No. 6573.   Decided February 26, 1907.]

Timothy L. Driscoll, *Respondent*, v. Abel H. Dufur, *Appellant*.[1]

Appeal—Statement of Facts—Extension—Courts—Acts Outside of County.   An order extending time for filing a statement of facts, made by the judge outside of the county, without consent of the parties, is invalid.

Same—Striking Statement.   A statement of facts filed after expiration of the time limited, without a valid order extending the time, will be struck out on motion.

Same—Waiver of Objections.   Proposing amendments to a proposed statement of facts, and appearing at the settlement, does not waive the right to object to the statement as not filed in time, when the proposed amendments expressly reserved the right to object to the statement on that ground.

Same—Record—Failure to File Transcript.   An appeal should not be dismissed for failure to file the transcript within the time fixed by statute, where the inconvenience to respondent was not serious, but the motion will be denied upon payment of $25 costs.

Motions to strike the statement of facts and to dismiss an appeal from a judgment of the superior court for Cowlitz county, McCredie, J., entered June 12, 1906.   Motion to strike granted.   Motion to dismiss denied upon terms.

*John F. Dufur*, for appellant.

*Everett C. Ellis* and *W. F. Magill*, for respondent.

Root, J.—This case comes before us upon two motions: one to strike the statement of facts, for the reason that the same was not filed within thirty days from the date of the entry of the judgment, and that no legal order for an extension of time for filing had been made; the other to dismiss the appeal and affirm the judgment of the trial court or to impose terms upon the appellant, upon the ground that the appeal had not been diligently prosecuted and no transcript

[1]Reported in 88 Pac. 929.

of record prepared, certified, or filed by the clerk of the superior court, and no praecipe filed for such transcript prior to the filing of the opening brief, and that no request had been theretofore made for such transcript.

The judgment of the trial court was filed June 12, 1906. A proposed statement of facts was filed July 11, 1906, and attempted to be served by leaving the same at. the office of one of respondent's attorneys, with a man whom appellant's attorney supposed to be the clerk of said attorney, but who appears not to have been such. A motion to quash said service was filed and served August 11, 1906, and said motion granted by the court on August 15, 1906. On August 18, 1906, the trial judge, while in Vancouver, Clarke county, made an order extending the time within which the statement of facts might be filed and served until August 26, 1906. This was made without the consent of respondent. The statement was filed and served on or prior to the date last mentioned. The notice of the settlement of said statement, to be had in Vancouver, was served upon respondent's attorneys, and afterwards the attorneys for the two parties stipulated that the matter should be heard in Cowlitz county. The respondent tendered several amendments to the appellant's proposed statement of facts, expressly stating, however, that he did not waive, but reserved, the right to move to strike said statement because not filed in time or in the manner required by law. When the matter came on for hearing at Kalama, in Cowlitz county, both parties were represented by their attorneys, and the court allowed most of the amendments proposed by respondent, and then and there settled, signed, and certified the statement of facts. The notice of appeal was served September 6, 1906. Appellant's attorneys claim that a transcript was ordered in November, and that on December 1, the clerk of the court was notified as to what papers were desired in said transcript. The clerk, however, files an affidavit to the effect that no praecipe

for a transcript was filed and no request for the preparation of a transcript made, until the 11th or 12th of December, 1906. Appellant's opening briefs were filed with the clerk of that court on December 4, 1906. Respondent's motion to dismiss the appeal was served on attorneys for appellant on December 15, 1906. A short record was filed by respondent in this court December 22, and transcript filed here by appellant December 28, 1906. In support of his motion to strike the statement of facts, respondent urges that the order extending the time, made by the judge while sitting at Vancouver, had no virtue on account of its being made without the consent of respondent, outside of the county where the cause was pending.

Pierce's Code, § 4377 (Laws 1901, page 76), provides that a superior court judge may sign certain orders and do certain judicial acts in any county in his district, but said section contains the following:

"Provided, That nothing herein contained shall authorize the judge to hear any matter outside of the county wherein the cause or proceeding is pending, except by consent of the parties."

In the case at bar, the parties not having consented that the order extending the time should be made outside of Cowlitz county, it would seem under the foregoing statute, as construed in *Prospectors Development Co. v. Brook*, 31 Wash. 187, 71 Pac. 774, that this order for an extension was invalid.

It is contended, however, by the appellant that the respondent is estopped to urge this objection, inasmuch as he thereafter submitted amendments to the proposed statement of facts and stipulated that the hearing as to the settlement thereof should be in Cowlitz county instead of Clarke county. Had the respondent offered amendments to the appellant's proposed statement without reserving his right to question said statement thereafter, there would probably be force in appellant's contention. But the record shows that the re-

spondent, when he submitted his amendments, recited in the preamble thereto that the amendments were presented without waiving his right to move against the said statement of facts, and that he expressly reserved the right to have said statement stricken on the ground that it was not filed and served in time or in the manner provided by law. This being plainly stated, the appellant cannot claim that he was lulled into a feeling of security or misled by the action of the respondent in proposing amendments and agreeing as to the place where they should be heard. Respondent, not knowing what view the court might take of the questions involved, was justified in submitting amendments subject to his right to move against the statement on the ground mentioned. Said statement not having been filed and served within thirty days from the date of the entry of the judgment, and no valid order having been made for an extension of the time, we are forced to hold, under numerous former rulings of this court, that the motion to strike is well taken.

As to the motion to dismiss, we think it should be denied, but upon terms. We are constrained to believe that the appellant did not prosecute his appeal with that diligence which he should have exercised. He has doubtless to some extent inconvenienced respondent. But we do not think appellant's dilatoriness or the inconvenience to respondent serious enough to justify the dismissal of the appeal. If the appellant shall pay to the respondent or his attorneys the sum of $25, and file the receipt for said payment with the clerk of this court within twenty days from the filing of this opinion, or shall within said twenty days deposit said money with the clerk of this court for the benefit of, and subject to the order of, said respondent or his attorneys, then the motion to dismiss will be denied. Otherwise the same will be granted. The motion to strike the statement of facts is granted.

HADLEY, C. J., FULLERTON, CROW, MOUNT, DUNBAR, and RUDKIN, JJ., concur.