[No. 8951.  Department Two.  December 12, 1910.]

C. E. Russell, *Respondent*, v. J. A. Mitchell *et al.,*
*Appellants.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—TIME FOR FILING. Under
Rem. & Bal. Code, § 393, a statement of facts not filed within the
time required by law, when no extension has been granted, will be
struck out, and the judgment affirmed where no questions are pre-
sented outside of the statement.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered November 22, 1909, in favor of the
plaintiff, after a trial on the merits before the court without a
jury, in an action of replevin.  Affirmed.

*Quinby & Beagle*, for appellants.

*Padgett & Bell*, for respondent.

PER CURIAM.—This is an action in replevin, tried by the
court.  The respondent moves the court to strike the state-
ment of facts herein and affirm the judgment of the lower
court, for the reason that the statement of facts was not
filed and served within thirty days from the date of the entry
of the judgment, and that no legal order for an extension of
time for filing and service thereof had been made by the court.
The record showing this state of facts, this motion must be
sustained, by reason of the uniform holdings of this court.

The appellants, in answering this motion, rely upon the
case of *Dodds v. Gregson*, 35 Wash. 402, 77 Pac. 791, but
we are unable to see that that case in any way sustains their
theory.  The court in the case cited denied the motion, upon
the ground alone that a stipulation had been made extending
the time for filing the statement of facts; and distinguished
the other cases cited by the respondent in that case on that
ground alone.  There is no stipulation in this case, and no
showing that any order extending the time was made.  Rem. &

[1]Reported in 112 Pac. 250.

Bal. Code, § 393, provides that a proposed bill of exceptions or statement of facts must be filed and served either before or within thirty days after the time begins to run within which an appeal may be taken from the final judgment of the case. The record in this case shows that the statement of facts was not filed or served within thirty days after the time began to run, or after the entry of the judgment, and that there was no order obtained to extend the time. In *State v. Seaton*, 26 Wash. 305, 66 Pac. 397, in passing upon this question, it was said:

"The due administration of justice requires that the rules relating to the time in which an appeal shall be taken and perfected be definite and fixed. Anything else is confusion. And it would seem that, had it been intended by the legislature that the rules fixing these times should be enforced or ignored as the courts might, in the exercise of their discretions direct, it would have said so in terms, and not left it to be inferred from language couched in loose generalities and of doubtful interpretation."

To the same effect: *Wollin v. Smith*, 27 Wash. 349, 67 Pac. 561; *Zindorf Construction Co. v. Western American Co.*, 27 Wash. 31, 67 Pac. 374; *Jones v. Herrick*, 33 Wash. 197, 74 Pac. 332; *State v. Yandell*, 34 Wash. 409, 75 Pac. 988; *Driscoll v. Dufur*, 45 Wash. 494, 88 Pac. 929; *State v. Aschenbrenner*, 45 Wash. 125, 87 Pac. 1118. Under the rule announced in these cases, the motion to dismiss must be sustained, and the statement of facts stricken.

As there is no question arising upon the pleadings, and as the judgment is warranted by the facts found by the court, it will be affirmed.