[No. 11666.  Department Two.  December 27, 1913.]

Alexander Michaelson, *Respondent*, v.

George W. Overmeyer, *Appellant*.[1]

Appeal—Notice—Statement of Facts—Time for Filing.  The time for taking an appeal or filing a statement of facts runs from the denial of appellant's motion for a new trial, when made after judgment.

Same—Statement of Facts—Extension of Time—Notice.  Under Rem. & Bal. Code, § 393, authorizing an order extending the time for filing a statement of facts, upon notice to the adverse party, an *ex parte* order extending the time is void; and it is immaterial that the extension was obtained by the official stenographer.

Same—Statement of Facts—Necessity.  The necessity of a statement of facts is not obviated by 3 Rem. & Bal. Code, § 1730-2, relating to abstracts on appeal.

Same—Statement of Facts—Extension—Objections.  It is not necessary to attack in the superior court a void order extending the time for filing a statement of facts entered without notice.

Appeal from a judgment of the superior court for Pacific county, Wright, J., entered June 27, 1913, upon the verdict of a jury rendered in favor of the plaintiff.  Affirmed.

*John W. Roberts*, for appellant.

*John T. Welsh* and *Robert G. Chambers*, for respondent.

Mount, J.—The respondent moves to strike the statement of facts in this case upon the ground that it was not filed and served within time; and to affirm the judgment, upon the ground that without the statement of facts there are no questions which can be passed upon by this court.

The cause was originally tried in the superior court to a jury.  A verdict was returned on June 25, 1913.  On June 27th motions for new trial and for judgment *non obstante veredicto* were filed by the appellant.  On the same day, a judgment was entered in favor of the plaintiff.  The motions

[1]Reported in 137 Pac. 332.

for new trial and for judgment *non obstante veredicto* were denied by the court on July 11, 1913. On July 28, 1913, the court, upon an *ex parte* application and without notice to the respondent, entered an order extending the time for serving and filing a statement of facts until September 10th. On September 4, 1913, the statement of facts was served and filed. Thereafter, no amendments being proposed, it was certified by the court.

The time within which to take an appeal and to file a statement of facts begins to run from the date of the denial of the motion for a new trial. *Chilcott v. Globe Nav. Co.*, 49 Wash. 302, 95 Pac. 264.

The statute at § 393, Rem. & Bal. Code (P. C. 81 § 693), provides that the

"Statement of facts must be filed and served either before or within thirty days after the time begins to run within which an appeal may be taken from the final judgment in the cause . . . Provided, that the time herein prescribed may be enlarged either before or after its expiration, once or more, but not for more than sixty days additional in all . . . by an order of the court or judge wherein or before whom the cause is pending or was tried, made on notice to the adverse party. . . ."

No notice was given to the adverse party, but an *ex parte* application was made and the court, without notice having been given to the adverse party, made an order extending the time. This order was clearly void, under numerous decisions of this court. In *McQuesten v. Morrill*, 12 Wash. 335, 41 Pac. 56, at page 339, we said:

"The intention of the law is evidently, under this statute, that parties shall diligently prosecute their appeals, and there should be no extension of the time for a settlement of the facts upon which the appeal is to be based, in whole or in part, unless good cause is shown therefor; and this showing should not be made upon an *ex parte* application or hearing if notice can reasonably be given."

See, also, *Wollin v. Smith*, 27 Wash. 349, 67 Pac. 561;
*Harpel v. Harpel*, 31 Wash. 295, 71 Pac. 1010; *State v.
Aschenbrenner*, 45 Wash. 125, 87 Pac. 1118; *Williams v.
Spokane*, 67 Wash. 368, 121 Pac. 836; *Russell v. Mitchell*,
61 Wash. 178, 112 Pac. 250. Under the rule announced in
these cases, it is plain that the motion to strike the statement
of facts must be sustained.

The appellant resists the motion upon the ground that the
order for the extension of time was obtained by the official
stenographer of the court; that the appeal has been diligently
prosecuted; that the act of 1913 relating to abstracts of the
statement of facts obviates the necessity for a statement of
facts; and also upon the ground that the order extending the
time should have been attacked in the superior court.

The fact that the stenographer obtained the order did not
relieve the appellant from complying with the statute and
giving notice and showing cause before the court was author-
ized to make the order. It is true that the appellant has been
diligent in prosecuting the appeal, except in the matter of
filing and serving the statement of facts. The act of 1913,
page 350, § 2 (3 Rem. & Bal. Code, § 1730-2), expressly
provides that nothing therein contained shall alter the present
manner of settling statements of facts. It has not heretofore
been the practice to require these void orders to be attacked in
the superior court. We have, in the cases above cited, where
such orders have been made, treated them as void, which they
no doubt are. The statement of facts must therefore be
stricken. Inasmuch as no questions are raised upon the plead-
ings, or can be considered by the court without the state-
ment of facts, the judgment must be affirmed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., con-
cur.