[No. 12112.   Department One.   November 21, 1914.]

ADELBERT AUSTIN, *Respondent,* v. CHARLES PETROVITSKY,
*Appellant.*[1]

APPEAL — RECORD — STATEMENT OF FACTS—TIME FOR FILING—EX
PARTE EXTENSION.   An *ex parte* order extending the time for filing
a statement of facts is void and incapable of curing the defect of
failure to file the statement within the statutory period.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered November 6, 1913, upon findings
in favor of the plaintiff, in an action for money received.   Affirmed.

*R. B. Brown,* for appellant.

*Frank A. Steele,* for respondent.

MORRIS, J.—The respondent moves to strike the statement
of facts and to affirm the judgment of the lower court.   The
record shows the entry of judgment on November 6, 1913,
the filing of a motion for new trial on November 15, and the
denial of the same on November 22.   On January 23, 1914,
appellant filed his proposed statement of facts, and on the
14th day of February, 1914, the same was certified by the
trial judge.   It needs but a glance at these dates to show that
respondent's motion is well taken.   The record does not show
any extension of time for filing this proposed statement of
facts, although respondent, in his brief in support of the
motion, states that, on the 7th day of January, 1914, appellant obtained an *ex parte* order extending the time for filing
the proposed statement.   The obtaining of this *ex parte* order places appellant in no better position than if he had
filed his proposed statement of facts without such an order,
since, under our statute, an order extending the time for filing
the statement of facts obtained *ex parte* is clearly void.   *Michaelson v. Overmeyer,* 77 Wash. 110, 137 Pac. 332.

[1]Reported in 144 Pac. 26.

Upon the authority of the above case and those therein cited, respondent's motion must be, and the same is, granted; and since, without the statement of facts, the appeal presents no questions which can be passed upon by the court, it follows that the judgment of the lower court must be, and the same is, affirmed.

CROW, C. J., CHADWICK, PARKER, and GOSE, JJ., concur.