[No. 14361. Department Two. April 10, 1918.]

## E. E. SIEGLEY, *Plaintiff*, v. T. NAKATA, *Appellant*, H. G. KELLEY *et al.*, *Respondents*.[1]

APPEAL—STATEMENT OF FACTS—TIME FOR FILING—EXTENSION. An *ex parte* order extending the time for filing a statement of facts is void.

SAME—STATEMENT OF FACTS—NOTICE OF EXTENSION OF TIME. Rem. Code, § 393, requiring notice of an application for an extension of time for filing a statement of facts requires "written" notice, and oral notice and stipulation that no objection would be filed does not work an estoppel.

JUDGMENT—PAYMENT—SUIT ON STAY BOND—EFFECT OF DISMISSAL. The dismissal of an action on a bond given to stay execution in a suit to vacate a judgment, merely releases the surety on the bond, and not the defendant independently and antecedently liable on the judgment, and does not operate as payment or prevent execution and sale under the judgment; and all that defendant can claim is that money paid for the discharge of the bond be credited on the judgment.

SAME — PARTIES CONCLUDED — PRIVIES. One who was a privy, though not a formal party, and whose attorney represented him in all the litigation relating to the quieting of title to certain land, is bound by a judgment in one of the suits, determining that the land was the separate property of a married woman who was a defendant in the suit.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered February 28, 1917, upon findings in favor of one of the defendants, upon a cross-complaint, in an action to quiet title, tried to the court. Modified.

*Robert D. Hamlin* and *Walter A. Keene*, for appellant.

*R. B. Brown*, for respondents.

ELLIS, C. J.—The plaintiff in this action is not concerned in this appeal. The validity of his claim against

[1]Reported in 172 Pac. 203.

the real estate in question is not denied by any of the defendants. The contest in the court below was waged between defendants Kelley and wife, on the one hand, and defendant Nakata, on the other, upon issues raised by their respective cross-complaints, seeking to quiet title as against each other, and their respective answers to such cross-complaints.

Nakata claimed title through a sheriff's deed made to him as purchaser at sheriff's sale, under an execution issued upon a judgment rendered in the superior court for King county, and affirmed by this court in the case of *Sakai v. Keeley,* 66 Wash. 172, 119 Pac. 190. The Kelleys claimed that the real estate in question was the separate property of Mrs. Kelley and had been so adjudged in another action to which Nakata was privy, hence was not subject to sale on execution under the Sakai judgment against her husband. They further claimed that, in any event, the Sakai judgment had been paid and should be satisfied of record. The trial court held with defendants Kelley on both of these contentions and entered a decree quieting the title in Mrs. Kelley, directing that the Sakai judgment be satisfied of record, and declaring the execution sale and sheriff's deed thereunder null and void. Defendant Nakata prosecutes this appeal.

Respondents move to strike the statement of facts on the ground that it was not filed within the time limited by law, and ask that the decree be affirmed. The findings of fact and conclusions of law were signed and filed and the decree was entered on February 28, 1917. On March 29, 1917, appellant procured, on *ex parte* application, an order extending the time for filing the statement of facts for a period of thirty days from and after March 30, 1917. Appellant's proposed statement of facts was filed on April 5, 1917. On September 24, 1917, appellant filed in the trial court, and brings here

by supplemental transcript, an affidavit of one of his attorneys to the effect that, shortly before procuring the order of extension, he orally advised respondents' attorney that the extension would be applied for and that respondents' attorney then assured the affiant that he would interpose no objection to such application. It is conceded that no formal notice of the application for extension, as required by Rem. Code, § 393, was given. That a copy of the order was subsequently served, we regard as immaterial. We have repeatedly held that an order extending the time for filing the statement of facts obtained on *ex parte* application is void. *Michaelson v. Overmeyer,* 77 Wash. 110, 137 Pac. 332; *Austin v. Petrovitsky,* 82 Wash. 343, 144 Pac. 26.

Unless, therefore, the facts set out in the affidavit above mentioned meet the statutory requirement of notice, or estop respondents from asserting their right to such notice, the statement of facts must be stricken. We are clear that they do neither of these things. The statutory requirement of notice means written notice. It cannot be assumed that the legislature intended that the evidence of this jurisdictional step to the procurement of the extension might rest in parol, often to be determined on conflicting testimony. That no estoppel arises, follows as a corollary. The most that can be said for the facts set out in the affidavit is that they tend to establish an oral stipulation that the application would not be contested. As such, it would legally bind no one. *Humes v. Hillman,* 39 Wash. 107, 80 Pac. 1104. In any event, it cannot be construed as a waiver of the statutory notice. To so hold would be to make the whole question of notice and waiver of notice rest in the uncertain memories of the parties or of their attorneys as to what was said and what was intended in every case. It would lead to needless uncertainty, end-

less confusion and exasperating controversies. As said in *Humes v. Hillman, supra,* "There must be a record here upon which the court can act." The statement of facts must be stricken, and it is so ordered.

But an affirmance of the decree does not necessarily follow. The question remains, do the findings of fact sustain the decree? The findings are extremely complicated and voluminous. We shall attempt no more than the following outline: On February 26, 1910, a judgment was entered by default against H. G. Kelley in the case of *Sakai v. Keeley.* An execution was issued thereon and levied upon lots 11 and 12, in block 14, Hillman City, Division 6, the land here involved. Kelley brought an action against Sakai and the sheriff to restrain the sale and to vacate the judgment. Nakata intervened in that action, claiming to own the Sakai judgment as assignee of Sakai, and contested the action to vacate in the trial court and on Kelley's appeal to this court. Kelley, in order to stay the execution, filed, in the action to vacate, a stay bond with National Surety Company as surety, conditioned that he as principal and the surety company as surety would pay the Sakai judgment if Kelley failed to have it set aside. Kelley failed in his action to vacate, which was dismissed with $20 costs to defendants therein. That judgment was, on appeal, affirmed by this court. (See *Kelley v. Sakai,* 72 Wash. 364, 130 Pac. 503.)

While the action to vacate was pending in the supreme court, an execution was issued, without notice or knowledge on Kelley's part, on the judgment for $20 costs, and levy was made upon the real estate here involved, which was thereafter sold by the sheriff to one Hall for and on behalf of Hamlin and Meier, then attorneys for Nakata. Hall and wife, on June 20, 1914, assigned the certificate of sale to Robert D. Hamlin, who in due time procured a sheriff's deed convey-

ing to him the land here in question. Hamlin then
brought an action in the superior court of King county
to quiet title against Kelley and wife. They defended
on the ground that the lots in question were the sep-
arate property of Mrs. Kelley, and the court, after a
hearing on the evidence, so found and entered a decree
quieting the title in Mrs. Kelley as her separate prop-
erty, directing, however, that Kelley pay to Hamlin the
$20 and costs, amounting in all to $54.20, which sum
was paid by Kelley and accepted by Hamlin. That
decree was never appealed from and is still in full
force and effect.

Thereafter Nakata brought an action in the superior
court of King county against H. G. Kelley and Na-
tional Surety Company on the bond given in Kelley's
action to vacate the Sakai judgment, which bond was
conditioned to pay that judgment in case of his failure
to vacate it, and demanded judgment for the full
amount of the Sakai judgment and costs. Issue was
joined, and the court, after hearing the evidence, found
against Nakata and on May 5, 1914, dismissed the ac-
tion, with costs against Nakata. Nakata gave notice
of appeal from the order of dismissal, but thereafter
the parties, through their respective attorneys, stipu-
lated that the judgment of May 5, 1914, be set aside
and that the action on the bond be dismissed ''with
prejudice and without costs to either party, $150 being
paid as full satisfaction herein.'' Thereupon the de-
fendants in that action paid to Nakata, through Ham-
lin and Meier, his attorneys, the sum of $150, and the
judgment of dismissal and for costs was set aside and
the cause was dismissed ''with prejudice, and without
costs to either party.''

The trial court specifically found that, from the time
Nakata intervened in Kelley's action to vacate the
Sakai judgment, up to January 10, 1915, Nakata ''was

represented in all had and determined between himself and the defendants H. G. Kelley and Anita Ford Kelley, his wife, by Hamlin and Meier, and ever since said time by the said Robert D. Hamlin, who was or claimed to represent him in the said several causes.''

After the filing of the stipulation and entry of the order of dismissal above mentioned, Nakata, through his attorneys, caused to be issued on the Sakai judgment an execution and caused the sheriff of King county to levy upon the lots here involved and to sell the same on October 10, 1914, at which sale Nakata was purchaser and received a sheriff's certificate of purchase. On May 15, 1916, that sale was confirmed by the court, and the sheriff executed to Nakata a sheriff's deed of the lots which deed constitutes Nakata's only claim of title thereto.

As matters of law, the court concluded that, at the time of the issuance of the last mentioned execution, the Sakai judgment had been fully paid; that the execution was wrongfully issued; that the Sakai judgment should be satisfied of record; that the sheriff's sale and deed are null and void and the Kelleys are entitled to have the same cancelled, vacated and set aside; that Anita Ford Kelley is entitled to a decree quieting title in her as against Nakata and all persons claiming through or under him, and that the Kelleys are entitled to their costs. Decree went accordingly.

Appellant, Nakata, contends that the court's conclusion that the Sakai judgment had been fully paid is erroneous. This contention must be sustained. That conclusion was evidently based upon the order dismissing with prejudice the suit against Kelley and the National Surety Company upon the stay bond. That suit, however, was a suit upon the bond and upon its covenants. The Sakai judgment was only collaterally involved. True, had that suit been successful, the

measure of Nakata's recovery would have been the full amount of the Sakai judgment. Such was the covenant of the bond. True, also, a payment in full of such a judgment on the bond would have operated as a satisfaction of the Sakai judgment. But no such judgment was rendered or paid. The stipulation for dismissal and the order entered thereon mean nothing more than a dismissal with prejudice of the suit on the bond. This, of course, released the surety from all further liability to pay the Sakai judgment simply because it was a mere surety. But it did not release Kelley. He was not a surety. His liability for that judgment was not traceable to the bond but existed antecedently to and independently of the bond. Touching that liability, both the stipulation and the order of dismissal were silent. The validity of the Sakai judgment as against Kelley was not in issue in that suit. The very terms of the bond precluded that issue. The most, therefore, that Kelley can claim is that the $150 paid for the discharge of the bond should be credited upon the Sakai judgment.

Appellant next contends that the court erred in his conclusion that the lots here involved were the separate property of respondent Anita Ford Kelley. This conclusion evidently rests upon the finding detailing the sheriff's sale to Hall on behalf of Hamlin and Meier under the execution on the judgment for costs in the action of *Kelley v. Sakai* to vacate the Sakai judgment, in which suit Nakata had intervened and was the real contesting defendant, and on the finding that Hamlin's title, referable to the sheriff's deed based on that sale, was defeated in his suit against the Kelleys and that the title of the lots in question was by decree quieted in Anita Ford Kelley as her separate property. Appellant insists that the evidence shows that he had no knowledge of this suit, that it

was not prosecuted in his interest, but solely in the interest of Hamlin and to collect costs advanced for appellant, and that as to appellant it was, *res inter alios acta.* But the evidence is not before us and the trial judge found none of these things. On the contrary, he found, in substance, that, in all of this litigation subsequent to appellant's intervention in the action of *Kelley v. Sakai,* Hamlin was acting as attorney for appellant. Moreover, since the title claimed by Hamlin in his suit against the Kelleys was based upon the judgment for costs in appellant's favor rendered in Kelley's suit to vacate, it can hardly be conceived that, had Hamlin's suit to quiet title been successful, he would not have admittedly held title to the lots in trust for appellant, subject only to whatever was due him from appellant for costs and fees. But the court did not even find that there was any sum due from appellant to Hamlin. The findings of the trial court are capable of no other construction than that appellant was a privy, though not a formal party, to all of this litigation. As such, he is bound by the decree in the case of Hamlin v. Kelley *et ux.,* adjudging that the property in question was the separate property of Anita Ford Kelley.

We conclude that the Sakai judgment remains unsatisfied except in the sum of $150, which should be credited thereon; that the execution was not wrongfully issued, but that it was wrongfully levied upon the separate property of Anita Ford Kelley; and that, in other respects, the trial court's conclusions and decree are supported by the findings.

The cause is remanded with direction to modify the decree in accordance with this opinion.

MOUNT, CHADWICK, and HOLCOMB, JJ., concur.