[No. 15627.  Department Two.  March 23, 1920.]

# H. N. Martin, *Respondent*, v. J. J. Nichols, *Appellant*.[1]

Appeal (287)—Record—Statement of Facts—Time for Filing.
A statement of facts not filed or served within thirty days from the
time of the denial of a motion for a new trial, with no extension of
time, will be struck out.

Trial (126) — Verdict — Surplusage — Effect.  In an action for
legal services with verdict finding for the plaintiff in a specified
sum, the addition of the words "administrator's fees left for court
to decide," indicated, under an instruction, that there was no agree-
ment therefor; and at most was merely surplusage.

Attorney and Client (43)—Action for Services—Defenses—
Neglect of Attorney—Pleading.  In an action for legal services, a
counterclaim for the amount of a judgment which the attorney
allowed to be taken against the defendants by default is insufficient
if it fails to allege that defendants had a valid defense that would
have defeated the default judgment.

Appeal from a judgment of the superior court for
Lincoln county, Blake, J., entered May 28, 1919, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for services, after a trial on the merits.
Affirmed.

*Fred B. Morrill* and *F. H. McDermont*, for appellant.
*W. A. Wilson, F. K. P. Baske*, and *M. E. Jesseph*, for
respondent.

Tolman, J.—Respondent, as plaintiff below, brought
this action to recover from appellant, as defendant, the
value of legal services alleged to have been rendered.
By way of defense, appellant, after making admissions
and denials, pleaded two counterclaims, the second of
which is as follows:

"That on or about the month of January, 1916, de-
fendant employed the plaintiff to answer for defend-

[1]Reported in 188 Pac. 519.

ant in an action entitled 'D. W. Bruins v. J. J. Nichols et al.,' then pending in the superior court of the state of Washington, in and for the county of Spokane, and paid to the plaintiff the sum of $5 to pay the cost of filing defendant's answer in said cause, and other expenses in connection with said action, and plaintiff promised and agreed to prepare and file an answer for defendant in said cause, setting forth the defense of defendant in said action, and bring said action at issue between said plaintiff, D. W. Bruins, and this defendant. The plaintiff failed and neglected to prepare and file an answer or any answer for defendant in said action, and by reason thereof a judgment of default was entered in said case in favor of the plaintiff, D. W. Bruins, and against this defendant, and this defendant was obligated to pay, and did pay, on the 9th day of August, 1916, the sum of $847.50 in satisfaction of said judgment, and thereby this defendant was injured and damaged by reason of the neglect of the plaintiff, as hereinbefore set forth, in the sum of $847.50."

On motion, this second counterclaim or set-off was stricken. The cause proceeded to trial before the court sitting with a jury, and from the verdict and judgment in favor of respondent, the case is brought here for review on appeal.

Respondent has moved to strike the statement of facts and dismiss the appeal and affirm the judgment, because the statement of facts was not filed and served within the thirty days from the time of the denial of the motion for a new trial, and no order or stipulation extending the time for such filing was made. The record shows that the motion for a new trial was denied on September 2, 1919, and that the statement of facts was served and filed on October 18, 1919. The record shows no order or stipulation extending the time for such filing. Under the statute, Rem. Code, § 393, and an unbroken line of decisions by this court, the statement

of facts must be stricken. *State v. Seaton,* 26 Wash. 305, 66 Pac. 397; *Wollin v. Smith,* 27 Wash. 349, 67 Pac. 561; *Jones v. Herrick,* 33 Wash. 197, 74 Pac. 332; *State v. Yandell,* 34 Wash. 409, 75 Pac. 988; *Driscoll v. Dufur,* 45 Wash. 494, 88 Pac. 929; *Russell v. Mitchell,* 61 Wash. 178, 112 Pac. 250.

It does not follow, however, that the appeal must be dismissed and judgment affirmed, because there are certain errors assigned here which can be reviewed without the statement of facts.

The transcript shows a verdict which was in form as follows:

"We, the jury, duly empanelled and sworn to try the issues of the above entitled cause, find for the plaintiff in the sum of $725.00 Dollars.

"Administrators fees left for court to decide."

It is argued that the words, "Administrators fees left for the court to decide," make the verdict ambiguous and uncertain, and that therefore the court erred in accepting it. It appears from the instructions given by the court that there was an issue of fact submitted to the jury as to whether or not appellant assumed and agreed to pay respondent for the services which he rendered for the administrator of the estate of Amanda Nichols, and the words in the verdict which are criticized do nothing more than to state that the jury found that appellant did not so assume and agree. Therefore appellant has no cause for complaint. In any event, the words referred to are no more than surplusage which does not vitiate, and the court was right in disregarding them.

The only other question left in the case is the ruling against the second counterclaim. It is apparent from a reading of this pleading that it fails to state a cause of action for the amount alleged to have been paid in satisfaction of the Bruins judgment, because there is

no allegation that a defense to that action existed, and if appellant had no defense, the appearance of an attorney in his behalf could not have defeated the action, in whole or in part; hence, in paying the judgment, so far as the pleading discloses, the appellant paid only what he justly owed and must have paid in any event. Undoubtedly the pleading was stricken for that reason. However, it does appear therefrom that appellant advanced to respondent five dollars to pay costs, which was not so expended, and the pleading probably states a cause of action to that extent. This trifling amount does not, however, justify a reversal of the judgment or a recovery of costs here by appellant, and since appellant makes no claim as to the five dollars, the judgment appealed from will stand affirmed.

Judgment affirmed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and MOUNT, JJ., concur.