[No. 4623.   Decided July 21, 1903.]

GEORGE W. THOMAS *et ux., Respondents,* v. LINCOLN COUNTY *et al., Appellants.*

APPEAL — STATEMENT OF FACTS — TIME OF FILING.

A statement of facts filed more than ninety days after the entry of final judgment is of no avail, and if the questions presented depend on the statement the appeal must be dismissed.

SAME — EXTENSION OF TIME.

The parties cannot by stipulation extend the time for filing a statement of facts beyond the ninety days provided by Bal. Code, § 5062, which is mandatory.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Appeal dismissed.

*R. M. Dye, N. T. Caton* and *Martin & Grant,* for appellants.

*Myers & Warren,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—Respondents' motion to strike the statement of facts and dismiss this appeal must be granted. No questions are presented which do not depend upon the statement of facts. The statement of facts was not filed until after the expiration of ninety days from the entry of final judgment. This court has repeatedly held that a statement of facts filed more than ninety days after the entry of final judgment will be of no value to appellant, and will, on motion of respondent, be disregarded or stricken from the files. *Loos v. Rondema,* 10 Wash. 164 (38 Pac. 1012); *State v. Seaton,* 26 Wash. 305 (66 Pac. 397); *Zindorf Construction Co. v. Western American Co.,* 27 Wash. 31 (67 Pac. 374); *Crowley v. McDonough,* 30 Wash. 57 (70 Pac. 261).

Counsel for appellants, however, insist that since the respondents stipulated that appellants might have until February 15, 1903, which was one hundred days after the entry of the judgment, in which to file the statement, they ought not to be heard now to raise the question. There is much force in this contention. But the statute, Bal. Code, § 5062, provides, in substance, that the time for filing a statement of facts may be enlarged by stipula-

tion of the parties or by order of the court, "but not for more than sixty days additional in all," to the thirty days allowed without order or stipulation. This provision of the statute is plain and mandatory, that neither the court, by order, nor the parties, by stipulation, may extend the time beyond ninety days from the entry of the judgment. The stipulation in this case extending the time was therefore in violation of the plain, mandatory terms of the statute, and will for that reason be disregarded.

The cause is therefore dismissed.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.