[No. 6184.    Decided December 21, 1906.]

## J. L. Fulton et al., Respondents, v. Methow Trading Company et al., Appellants.[1]

Drains—Eminent Domain—Petition—Description.  In condemnation for an irrigation ditch, the quantity of land required is sufficiently stated in the petition when the route is definitely described and the dimensions of the ditch stated.

Appeal—Review—Error Not Affecting Appellant.  Upon appeal in condemnation proceedings, error cannot be urged relative to the service upon defendants who have not appealed, or in not calling a jury to determine the damages to the defaulting defendants.

Appeal—Preservation of Grounds—Exceptions.  An order striking exceptions to findings is proper where the record sustains its recitals that the exceptions were not filed within five days after service of a copy.

Appeal—Record—Statement of Facts—Extension of Time.  The refusal to grant an extension of time for the filing of a statement of facts will not be held an abuse of discretion where no sufficient reason had been shown for the extension, a change of attorneys or the fact of their nonresidence not being sufficient.

Eminent Domain—Proceedings—Parties.  It is not error to refuse to dismiss a condemnation proceeding as to one party upon its appearing that he was not interested in any of the lands in his own right, where he came into the action on his own initiative alleging that he owned a portion of the lands.

Eminent Domain—Decree—Payment of Award.  Objection to a decree in condemnation proceedings in that it failed to fix the time within which the petitioner shall pay the award is immaterial where, by a supplemental transcript, it appears that the award has been paid into court.

[1]Reported in 88 Pac. 117.

Appeal from a judgment of the superior court for Okanogan county, Steiner, J., entered December 9, 1905, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in proceedings to condemn a way for an irrigation ditch. Affirmed.

*F. W. Dewart*, for appellants.

*Alvin W. Barry*, for respondents.

HADLEY, J.—Under the amended complaint in this cause it is a proceeding to condemn a way for an irrigating ditch, under the authority of chapter 131, Laws 1899, page 261. From the judgment the Methow Trading Company and Guy Waring have appealed.

The original transcript contains one hundred and twenty-eight pages, and is a mass of motions, applications, notices, affidavits, orders, and papers of many kinds. It is extremely difficult to discover the real pith of the controversy from such a record. The first contention made by appellants, however, is that the demurrer to the complaint should have been sustained. It is asserted that the complaint does not allege ownership of the lands within the state for which the use of the water is required and as is made necessary by the statute. Paragraph 5a of the amended complaint specifically alleges that the respondents are the owners of such agricultural lands, giving their location as to township and range in Okanogan county, and the complaint also avers that the waters of the Methow river, which the proposed ditch is intended to convey, are necessary for the irrigation of said lands. The objection is not well taken.

It is further contended that there is no sufficient allegation of inability to agree with appellants as to the amount of damages. Paragraph 8 of the amended complaint alleges as follows:

"That said plaintiffs have been and still are unable to agree with the said Methow Trading Company and said Guy War-

ing as to the compensation to be paid it and them, the said owners thereof, for the reason that said owners will not make to plaintiffs a stated demand for any given sum of money in compensation to them and it for said right of way, and that such of said owners of said parcels of land over which it is desired to extend said ditch, hereinafter described, have refused, and still refuse to grant to these plaintiffs the use thereof for purposes aforesaid, and plaintiffs have been wholly unable to obtain from such owners any right in or upon or to the use of said premises for the purposes aforesaid."

The above allegation sufficiently shows a previous effort and inability to agree.

It is urged that the quantity of land required is not sufficiently stated. The definite route is described, and the dimensions of the ditch are stated. This sufficiently describes the quantity of land within the meaning of § 6 of the act of 1899.

Other objections to the complaint are also without merit. Section 9 of the act of 1899 provides that the provisions of the act shall be liberally construed so that the ultimate object and intent may be fully carried out. Some of the points suggested on the demurrer are so closely related to the subject of public use or necessity that they are probably reviewable on writ of review only, but in view of their discussion in the brief being involved with that of damages, we have briefly referred to them. It was not error to overrule the demurrer.

Objection is made that the court found that certain defendants were duly served and their default entered. It is claimed that the transcript shows no service. That matter is immaterial here, as such defendants are not appealing. The same is true of the contention that the court erred in not calling a jury to determine damages to the defaulting defendants. This appeal is not concerned with those questions.

It is contended that appellants were not timely served with the proposed findings of facts and conclusions of law, and that they had no knowledge thereof. But we think from the record that they had ample opportunity to except to the findings, if they had been diligent. An order appears in the

record striking the exceptions to the findings, which recites as the ground thereof that the exceptions were not filed within five days after service of a copy of the findings and conclusions. No exception appears to this order, and we think, in any event, that the recitals therein are sustained by the record.

It is contended that the court abused its discretion in not granting an extension of time to file a statement of facts. In the order denying the extension, the court recited that no exceptions were taken to the findings within the time required by law; that appellants had the full time of thirty days to file and serve a proposed statement of facts, and that no sufficient reason had been shown for the extension. We think that these recitals in the court's order are not overcome by anything in the record which makes it necessary to hold that the court abused its discretion. Much of the contention in this case seems to be due to the fact that appellants changed attorneys during the progress of the proceedings, and that their attorneys were nonresidents. With such considerations existing, and having due regard to respondents' full rights in the premises, we think, under the record, that the court did not abuse its discretion.

It is contended in behalf of appellant Guy Waring that the court erred in refusing to dismiss as to him. Said appellant, as the president of appellant Methow Trading Company, a corporation, verified the answer of the latter, and the answer stated that Waring was an owner of a portion of the lands sought to be condemned, and asked that he be made a party. By order of the court Waring was then made a party defendant. He separately demurred to the complaint and afterwards answered. At the trial the court found that he was not the owner in his own right of any of the lands. He was not entitled to judgment of dismissal because he came into the action through his own initiative when answering for the Methow Trading Company, and he was not forced into court by respondents.

The decree is criticised on the alleged ground that it grants respondent the right to enter upon the premises and to hold exclusive possession thereof upon the payment of the amount of damages found.   It is asserted that under the decree respondents may determine at any time within six years whether they will take the land or not, and that meantime appellants are helpless, with a cloud of uncertainty hanging over the land.   The decree is not in exact conformity with § 6 of the act of 1899, which section requires that the decree shall provide that the money shall be paid to the clerk of the court before work upon the ditch shall be commenced.   The element of time when the payment must be made is left indefinite even in the statute, the only statement with reference thereto being that payment must be made before the work begins.   A supplemental transcript in the record, however, shows that the money has been paid to the clerk of the court for the benefit of appellants.   So that any informality in the decree in the respect mentioned has been cured, and no element of uncertainty as to time remains.

We think the record does not disclose that the court erred in refusing appellants certain costs claimed by them.   We find no reversible error, and the judgment is affirmed.

FULLERTON, CROW, and ROOT, JJ., concur.

MOUNT, C. J. and DUNBAR, J., took no part.