[No. 11404.   Department One.   August 7, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Frank I.
Sefrit, Plaintiff*, v. THE SUPERIOR COURT FOR
WHATCOM COUNTY *et al., Respondents.*[1]

CERTIORARI—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL.  The remedy by appeal from an order refusing to extend the time within which to file a statement of facts in a case pending on appeal, is inadequate and hence certiorari lies; since the appeal could not be heard until after the time for filing a statement of facts had expired under Rem. & Bal. Code, § 393, fixing the utmost limit at ninety days after the date of final judgment.

APPEAL — RECORD — STATEMENT OF FACTS — EXTENSION OF TIME—ABUSE OF DISCRETION.  It is an abuse of discretion to refuse to extend the time for filing a statement of facts, where it appears that the only stenographer who took notes on the trial was continuously busy from the time of final judgment until after, and it was impossible for him to get out the statement within, the thirty days allowed by statute, and so notified appellant, and that the extension would not delay the hearing of the case on appeal; and the appellant was not guilty of laches in not ordering a statement and making application for an extension before the expiration of thirty days, where he had been notified that it would be impossible for the stenographer to start work on the statement within that time (MORRIS and CHADWICK, JJ., dissenting).

Certiorari to review a judgment of the superior court for Whatcom county, Pemberton, J., entered July 25, 1913, refusing to extend the time for filing a statement of facts.  Reversed.

*Newman & Kindall*, for relator.

*Frank W. Bixby*, for respondents.

MOUNT, J.—This is an application for a writ of certiorari to review an order of the lower court refusing to extend the time within which to file a statement of facts in the case of State v. Sefrit, on appeal to this court.  The record upon the

[1]Reported in 134 Pac. 183.

motion for an extension of time for filing the statement of facts has been certified, and it has been stipulated that this hearing may be had and the decision rendered the same as though the writ had already been issued. We shall therefore proceed to a discussion of the points presented.

It is contended by the respondent that the writ will not issue in this proceeding for the reason that the relator has a plain remedy by appeal. It is apparent, however, that the remedy by appeal is not an adequate one. The judgment from which the appeal was taken in the case of State v. Sefrit, was entered on the 26th day of May, 1913. The statute, Rem. & Bal. Code, § 393 (P. C. 81 § 693), provides:

"A proposed bill of exceptions or statement of facts must be filed and served either before or within thirty days after the time begins to run within which an appeal may be taken from the final judgment in the cause, or (as the case may be) from an order with a view to an appeal from which the bill or statement is proposed: Provided, that the time herein prescribed may be enlarged either before or after its expiration, once or more, but not for more than sixty days additional in all, by stipulation of the parties, or for good cause shown and on such terms as may be just, by an order of the court or judge wherein or before whom the cause is pending or was tried, made on notice to the adverse party."

The utmost limit for filing the statement of facts under this provision is ninety days after the date of final judgment. If the relator is entitled to a review of this order so that it may be of benefit to him in case it is reversed, it is plain that the order must be reviewed within the ninety days; otherwise, his statement of facts could not be filed in the case. It is also plain that, by the ordinary procedure upon appeal, this order refusing an extension of time cannot be reviewed until after the expiration of the ninety days. If the relator has an appeal from this order, it is too plain for argument that his remedy by appeal is entirely inadequate. We are, therefore, of the opinion that this order may be reviewed by certiorari.

The next question in the case, and the principal one upon

the merits, is whether the trial court abused its discretion in refusing to extend the time for filing the statement of facts. The affidavits filed show that Egan Ridenour was the stenographer who took notes of the trial of the case of State v. Sefrit; that he was the only stenographer who took notes of the trial, and that no other stenographer could read his notes. These affidavits also show that this stenographer was continuously busy from the time the final judgment was entered, as above stated, until July 5, 1913; that it was impossible for him to get out the statement of facts in this case within the thirty days allowed by the statute. It is also shown that the hearing of the case on appeal would not be delayed by reason of an extension of time for the period of ninety days, as provided in the statute above quoted. It is true that the relator, for several days after his conviction, was undecided whether he would appeal the case or not; that he did not finally make up his mind to appeal the case until on or about June 2, 1913, when he gave his attorneys notice to that effect; and it was not until July 5, 1913, that an order was given to the stenographer to proceed with the preparation of the statement of facts. But, in the meantime, after the judgment and before the order was given, the stenographer had stated the condition of his work, both to the relator and to his counsel and had informed them that it would be impossible for him to do any substantial work upon the statement of facts until about July 1, 1913. It was also shown that the stenographer estimated that there would be about 1,100 pages of the statement of facts, and that it would be impossible for him to employ assistance or to perfect the statement of facts until long after the expiration of the thirty days. The trial court was of the opinion that the statute was mandatory that the statement of facts should be filed within thirty days, unless the time therefor was extended for good cause shown or by stipulation of the parties; and, also, that the appellant had not been diligent in ordering

the statement of facts prepared by the stenographer; and for · that reason declined to grant an extension of time.

This court has frequently held that the granting of an extension of time in matters of this kind is largely discretionary with the trial court, and will be reviewed only for an abuse of such discretion. In the case of *Fulton v. Methow Trading Co.*, 45 Wash. 136, 88 Pac. 117, this court said:

"It is contended that the court abused its discretion in not granting an extension of time to file a statement of facts. In the order denying the extension, the court recited that no exceptions were taken to the findings within the time required by law; that appellants had the full time of thirty days to file and serve a proposed statement of facts, and that no sufficient reason had been shown for the extension. We think that these recitals in the court's order are not overcome by anything in the record which makes it necessary to hold that the court abused its discretion. Much of the contention in this case seems to be due to the fact that appellants changed attorneys during the progress of the proceedings, and that their attorneys were nonresidents. With such considerations existing, and having due regard to respondents' full rights in the premises, we think, under the record, that the court did not abuse its discretion."

It is apparent from the rule in that case that the ruling of the trial court upon an application for an extension of time within which to file a statement of facts may be reviewed for abuse of discretion. We are satisfied in this case that the trial court should have extended the time under the facts above stated. No injury could result to either party by reason of an extension of time to the appellant. In view of the fact that the stenographer who took the notes of the trial could not get out the statement of facts under any circumstances within the period of thirty days, and in view of the fact that the appellant and his counsel had been informed thereof, we think the relator was not guilty of laches in not giving a definite order for the statement of facts until after the expiration of the thirty days. The record shows in this case that the order for the statement of facts was not

given until ten days after the expiration of the thirty days. But we think the excuse for not giving the order before that time was sufficient, especially in view of the fact that the stenographer, on account of the press of work, could not have gotten out the statement of facts prior to that time, or made any substantial progress thereon.   It is shown without dispute that the questions to be reviewed upon appeal are questions which arise mainly upon the statement of facts, and that the statement of facts is necessary in order that the appellant may protect his rights on appeal.   The denial of an extension of time in this case is a practical denial of the right of appeal.   Even though the statute is mandatory that the statement of facts must be filed within thirty days, as we have frequently held, unless good cause for an extension be shown, where good cause is shown it is the duty of the court to grant an extension of time.   Good cause was plainly shown in this case, and it is our opinion, considering all the facts which were presented upon the affidavits, that the trial court abused its discretion in not granting an extension.

The order is therefore reversed, and the trial court is ordered to grant an extension of time within the ninety days.

PARKER and GOSE, JJ., concur.

MORRIS, J. (dissenting)—The majority in their opinion hold that it is an abuse of discretion for the trial court to hold that no "good cause" is shown for granting an extension of time in which to file and serve a statement of facts. When the application is not made until the expiration of forty days from the time fixed for the running of the appeal and it is shown that no application has been made to the stenographer to prepare a statement, the only excuse being it could not have been prepared if it had been ordered, it is not for us to say whether or not the lower court should have extended the time.   The only question for us to determine is, Did the court abuse its discretion in refusing to extend the time? To say that it did is to hand down a pernicious rule and one

that will, if adhered to, result in bad and loose practice. I therefore dissent.

Chadwick, J. (dissenting)—Had I been the trial judge, I would have extended the time, but that is not the question. Whether it should be extended was a matter within the discretion of the trial judge. While I think the time should have been extended, I cannot say that there was an abuse of discretion in denying it. I fear the majority has made a question, heretofore one of discretion, judicial and subject to review as in all other cases.