[No. 13231. Department One. February 19, 1916.]

THE STATE OF WASHINGTON, *on the Relation of Gold Creek Antimony Mines & Smelter Company, Plaintiff*, v. THE SUPERIOR COURT FOR OKANOGAN COUNTY, *Respondent.*[1]

APPEAL—STATEMENT OF FACTS—TIME OF FILING—EXTENSION—EXCUSABLE FAILURE. An extension of time for the filing of a statement of facts will be granted by the supreme court, under Laws 1915, p. 303, § 8, authorizing such extension where the failure to file in time is "found excusable," where it appears that negotiations for a settlement were conducted in good faith for two months, the appellant had no notice of the filing of findings for one month, and took an appeal when the negotiations failed, when the time for filing a statement had expired.

SAME—COSTS. Upon granting an extension of time for filing a statement of facts, after excusable failure to file in time, under Laws 1915, p. 303, § 8, the supreme court will impose terms, requiring in this case, the payment of $100 and the costs of the application.

Certiorari to review an order of the superior court for Okanogan county, Pendergast, J., entered July 29, 1915, denying a motion to grant an extension of time for filing and serving a statement of facts. Reversed.

*Geo. D. Emery*, for relator.

*C. W. Strother* and *Smith & Gresham*, for respondent.

[1]Reported in 155 Pac. 145.

MOUNT, J.—This writ was sued out by the relator to review an order of the superior court for Okanogan county refusing to grant an extension of time within which to file and serve a statement of facts in a case upon appeal to this court.

The facts are these: An action was brought in the superior court for Okanogan county by the relator against C. E. Perry and Pete Bryan. After the issues were made up, the case was regularly tried to the court, and on July 29, 1915, findings of fact and a decree were entered against the plaintiff in that action. Neither the plaintiff nor its attorneys had notice of the filing of the findings of fact or the entry of the decree until the 30th day of August, 1915. After the plaintiff's attorneys discovered that the findings of fact and judgment had been entered, written exceptions to the findings were served and filed.

During all of the months of August and September, the plaintiff and the defendants, and their respective counsel, were engaged in negotiations for a mutual adjustment and settlement of the matters embraced in the litigation, with reasonable hopes of making a settlement so as to avoid the necessity of further litigation. Negotiations continued until the first day of October, 1915. Thereupon the plaintiff gave notice of appeal from the judgment to this court, and filed a bond. The thirty days from the entry of the judgment had then expired within which a statement of facts might be filed. The appellant thereupon ordered a statement of facts, and endeavored to secure a stipulation from counsel for the respondents to extend the time for service of the statement of facts. In this they were not successful. They thereupon filed a motion in the superior court for an order extending the time within which to file and serve a statement of facts to and including October 27, 1915. This motion was noted for hearing on October 23. The judge was then absent from Okanogan county temporarily, and the motion was submitted

to him without argument.  On the 27th day of October, that being the last day in which the statement could be served within the ninety-day period from the date of the judgment, the statement of facts was filed by the appellant.  Thereafter, on November 8, the judge notified counsel for the appellant that he did not consider the showing made a sufficient cause, and denied the motion.  Thereafter additional affidavits were filed, and a show cause order was issued by the court on November 24 requiring the respondents to appear and show cause why the time should not be extended.  Upon argument of this motion, the trial court was of the opinion that he could not at that time grant an extension, and denied the motion.  Thereupon application was made to this court for this writ.

It is argued by the relator that the trial court abused its discretion in denying the above mentioned motions for an extension of time in which to file and serve a statement of facts.  In view of the statute hereinafter quoted, we think it is unnecessary to determine whether the trial court abused its discretion, or whether it had jurisdiction, after the expiration of the ninety days, to extend the time for filing and serving a statement of facts.  The statute at § 8, p. 303, Laws of 1915, provides as follows:

"In case of a failure of the appellant to serve an abstract of record and statement of facts, or the one served is insufficient, the supreme court shall, if such failure is found to be excusable, allow the appellant a reasonable time, upon such terms as the court may impose, in which to supply such abstract of record and statement of facts."

The statement of facts filed on the 27th day of October, 1915, was insufficient because it was filed after the thirty-day period had expired, and without an order extending the time therefor.  The excuse made, as we have indicated above, is that, after the judgment was entered, negotiations were entered into for a settlement of the case.  It is not disputed

that these negotiations were pending during the months of
August and September, 1915. It is not disputed that these
negotiations were conducted in good faith and, as counsel
state, with reasonable hope that the case might be finally
settled without further litigation. We are inclined to think
that this is a reasonable excuse sufficient for this court to
now authorize an extension of time within which to file and
serve a statement of facts under the statute quoted.

It is argued by the respondents that the relator here
ought not to have relied upon these negotiations, but that
he should have prepared and filed his statement of facts
within the thirty-day limit, notwithstanding the fact that
these negotiations were pending. But we think it is the
policy of courts to encourage settlements in pending litiga-
tion, and that, where negotiations for settlements are con-
ducted in good faith, and extend over a period of time, the
parties to the settlement ought not to be penalized to the ex-
tent of being deprived of their rights upon appeal in case
the settlement should fail. As stated above, we are of the
opinion that this is a reasonable excuse for failure to file
and serve a statement of facts.

We are of the opinion, however, that terms should be im-
posed in this and all other cases of this character. We think
the statute contemplates that such terms be imposed in
cases like this. The order will therefore be made upon terms
of $100, payable by the appellant to counsel for the re-
spondents within thirty days after notification of this de-
cision. It is further ordered that the appellant shall, within
thirty days after such notification, refile and serve a state-
ment of facts, and that within ten days thereafter the re-
spondents may, if they desire, file amendments to the state-
ment of facts proposed; and that the appellant have sixty
days from the date of the settlement of the statement of
facts within which to serve and file its opening brief on ap-
peal. It is further ordered that the clerk of this court im-

mediately transmit the statement of facts filed here to the superior court of Okanogan county, and notify counsel of this decision.   Costs of this application taxed against the relator.

MORRIS, C. J., FULLERTON, ELLIS, and CHADWICK, JJ., concur.