[No. 13346½. Department One. August 16, 1916.]

NICHOLAS CODD, *Appellant*, v. GEORGE VON DER AHE et al., *Respondents.*[1]

APPEAL—DECISIONS APPEALABLE—FINALITY—ORAL ORDERS. An appeal cannot be entertained, as from a final judgment, from an oral order denying a deficiency judgment in foreclosure which was never expressed in a formal written judgment.

MORTGAGES—FORECLOSURE—DECREE—FINALITY — DEFICIENCY JUDGMENT. A money judgment contained in a decree of foreclosure is a final judgment to be enforced by sale and levy for deficiency under the same execution, under Rem. & Bal. Code, § 1119, providing that the court shall direct in the foreclosure decree that any deficiency shall be satisfied from any property of the mortgage debtor; §§ 1120, 1121, declaring that judgments for deficiency shall be similar to other judgments and enforced in the same way; and § 1123, providing that judgments over for any deficiency may be satisfied under the same execution.

APPEAL—RECORD—STATEMENT OF FACTS—TIME FOR FILING. Upon appeal from a foreclosure decree, the time for filing the statement of facts begins to run from the entry of the decree, and not from the denial of a motion for a deficiency judgment after sale.

SAME—STATEMENT OF FACTS—TIME FOR FILING—EXTENSION—EXCUSE FOR DELAY. It is not a sufficient excuse for extending the time

[1]Reported in 159 Pac. 686.

for filing a proposed statement of facts, authorized by Rem. 1915 Code, § 1730-8, where failure to file in time "is found to be excusable," that a mistake of law was made in assuming that an oral decision denying a deficiency judgment, not expressed in a formal written order, was a final judgment from which an appeal may be taken; and that act does not repeal Rem. & Bal. Code, § 393, requiring filing of the statement of facts within thirty days after the time for taking an appeal begins to run.

BILLS AND NOTES—INDORSERS—LIABILITY—NOTICE. Indorsers of a promissory note are not liable in the absence of presentment or demand for payment as to one of the makers and no demand made on them as indorsers.

APPEAL—RECORD—AFFIDAVITS. The refusal to grant a new trial cannot be considered on appeal where the affidavits were not brought up except in the transcript, and were not identified by the motion or order.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered November 9, 1915, upon findings in favor of the defendants, in an action on a promissory note and to foreclose a mortgage, tried to the court. Affirmed.

*P. F. Quinn,* for appellant.
*Del Cary Smith,* for respondents.

ELLIS, J.—Action on a promissory note and to foreclose a mortgage upon certain real estate securing the same. In the complaint it was alleged that the note and mortgage were executed by defendants Jacob Gundlach and Ellen Gundlach, his wife, on March 18, 1910, to defendants George Von Der Ahe and Bertha Von Der Ahe, who thereafter assigned the mortgage and indorsed the note to plaintiff, who now holds them; that, on March 18, 1915, plaintiff presented the note to Gundlach and wife and demanded payment, which was refused, and that, on the same day, he notified defendants Von Der Ahe of such presentment, demand and nonpayment. The prayer was for personal judgment against all of the defendants for the amount due on the note, and for attorney's fees and costs, for the foreclosure of the mortgage, for

a sale of the mortgaged premises, for an application of the proceeds upon the judgment, and for a deficiency judgment against each of the defendants.

The Gundlachs defaulted. Defendants Von Der Ahe answered, denying, among other things, any knowledge or notice of the alleged presentment, demand and nonpayment, and praying for their dismissal.

The cause was tried on September 10, 1915. It seems to be admitted that thereafter the trial judge orally announced his decision denying personal judgment against defendants Von Der Ahe on the ground of insufficient notice of nonpayment to hold them as indorsers. At any rate, on October 4, 1915, before formal findings were signed, plaintiff moved on affidavits to open the case for the admission of further testimony to show such notice. On October 13, 1915, this motion was denied. On October 27, 1915, plaintiff moved for a new trial, which was denied on October 30, 1915. On November 9, 1915, the court made findings that the note was not presented to Ellen Gundlach, one of the makers, and that no demand was made upon her, and further, that no notice of nonpayment was given to either of defendants Von Der Ahe on March 18, 1915, or at any time thereafter.

On these findings and appropriate conclusions of law, the court, on November 9, 1915, entered the usual decree of foreclosure and order of sale, but expressly adjudged and decreed that plaintiff is not entitled to any deficiency judgment against defendants Von Der Ahe, or either of them, in any sum whatever.

At plaintiff's instance and pursuant to the decree, the sheriff sold the mortgaged property on December 11, 1915, and the property was purchased by plaintiff for $1,000, which amount was credited on the judgment, leaving a balance of $1,592.35. On December 14, 1915, plaintiff moved for confirmation of the sale and for judgment for the deficiency against all of the defendants. There is nothing in the record to show what disposition was made of this motion,

but it is admitted that an order of confirmation was entered and that the motion was denied orally and without any formal order, so far as the request for deficiency judgment against defendants Von Der Ahe was concerned.

On January 8, 1916, plaintiff served and filed his proposed statement of facts. It was certified on January 18, 1916. On January 27, 1916, plaintiff filed his notice of appeal from that part of the decree:

"Dismissing the action as against George Von Der Ahe and Bertha Von Der Ahe, his wife, and granting costs against the plaintiff and from the judgment entered therein on the 11th day of December, 1915, and also from the oral order denying a deficiency judgment against George Von Der Ahe and the community consisting of George Von Der Ahe and Bertha Von Der Ahe, his wife, made on the — day of December, 1915, and from every part thereof."

Upon this record respondent has moved to strike the statement of facts on the ground that it was not filed within the time required by law. If the decree of foreclosure adjudging that appellant was not entitled to judgment for any deficiency against respondents was in that particular a final judgment, the motion must be granted. The proposed statement was filed on the sixty-ninth day after the entry of order denying a new trial, and on the sixtieth day after the date of the entry of decree.

Appellant contends that the statute governing the foreclosure of mortgages contemplates the entry of two judgments, the first a decree of foreclosure ordering the sale, the second a deficiency judgment when the amount is determined by the return of sale, and that as to all questions touching the deficiency, the last is the final judgment. He argues that, therefore, the time for serving and filing the statement of facts ran from the oral denial of his motion for a deficiency judgment. This position is untenable for two reasons. In the first place, assuming the soundness of the premises, the conclusion is faulty. We cannot entertain an ap-

peal, as from a final judgment, from an oral order which was never expressed in a formal written judgment. *Robertson v. Shine*, 50 Wash. 433, 97 Pac. 497. In the second place, the premises are unsound. Our statute, reference being made to Rem. & Bal. Code by section numbers, provides:

"Sec. 1119. When there is an express agreement for the payment of the sum of money secured contained in the mortgage or any separate instrument, the court shall direct in the decree of foreclosure [or order of sale] that the balance due on the mortgage, and costs, which may remain unsatisfied after the sale of the mortgaged premises, shall be satisfied from any property of the mortgage debtor."

Section 1120 declares that judgment for any deficiency shall be similar to other judgments for the recovery of money and shall be made a lien and collected in the same manner as other judgments. Section 1121 provides that the decree of foreclosure may be enforced by execution as ordinary judgments. Section 1123 declares:

"In all actions of foreclosure where there is a decree for the sale of the mortgaged premises or property, and a judgment over for any deficiency remaining unsatisfied after applying the proceeds of the sale of mortgaged property, further levy and sales upon other property of the judgment debtor may be made under the same execution."

These provisions put it beyond question that a money judgment contained in a decree of foreclosure is a final judgment which may be enforced by a single execution, first, by a sale of the mortgaged property, and second, by a levy upon and sale of other property of the judgment debtor for the deficiency "under the same execution." Our statute furnishes no warrant for the entry of two judgments.

The Illinois decisions upon which appellant relies expressly rest upon a statute providing, in substance, that the money decree "may be rendered conditionally at the time of decreeing the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due." *Eggleston*

*v. Morrison*, 185 Ill. 577, 57 N. E. 775; *Cotes v. Bennett*, 183 Ill. 82, 55 N. E. 661. The distinction is self-evident.

But appellant contends that, in any event, the service and filing of the statement of facts some sixty days after the final decree was merely a defective filing, curable under the provisions of § 8, Laws of 1915, p. 303 (Rem. 1915 Code, § 1730-8), as construed in *State ex rel. Gold Creek Antimony Mines & Smelter Co. v. Superior Court*, 89 Wash. 684, 155 Pac. 145. That section reads as follows:

"In case of a failure of the appellant to serve an abstract of record and statement of facts, or the one served is insufficient, the supreme court shall, if such failure is found to be excusable, allow the appellant a reasonable time, upon such terms as the court may impose, in which to supply such abstract of record and statement of facts."

That section does not repeal, either expressly or by any possible implication, the old law, Rem. & Bal. Code, § 393, requiring that the proposed statement of facts be filed within thirty days after the time for taking the appeal begins to run, unless, for good cause shown, the time for such service and filing be extended by the trial court or judge. The act of 1915, as construed by the case cited, merely requires this court, upon imposing terms, to excuse the failure to file a sufficient and timely statement "if such failure is found to be excusable." In the case here, no excuse is offered. Appellant merely made a mistake of law in assuming that an oral decision never expressed in a formal written order or judgment is a final and appealable judgment. This is no excuse, and no other excuse is even suggested. The excuse offered and established in *State ex rel. Gold Creek Antimony Mines & Smelter Co. v. Superior Court, supra*, was of such nature as to estop the respondent there from urging that the filing was tardy. No such case is presented here. The statement of facts here was filed and certified sixty days after the entry of final judgment appealed from, and no order extending the time was entered or even asked for. The statement of

facts must be stricken.  *Michaelson v. Overmeyer*, 77 Wash. 110, 137 Pac. 332.

Since we cannot consider the evidence, it remains only to examine the court's findings.  They clearly sustain the judgment.  The court found that there was no presentment or demand for payment as to one of the makers of the note, and that no notice of nonpayment was given to either of the respondents as indorsers.  It is elementary that, in the absence of such notice, they cannot be held as indorsers.

We find no merit in the further claim that a new trial must be had because of the refusal of the trial court to grant appellant's motion to open the case for the reception of additional evidence as to notice of nonpayment.  That motion was heard on affidavits.  They are not before us.  True, certain affidavits appear in the transcript, but they are not identified by the motion itself, nor, so far as the record before us shows, by the order overruling the motion.  We cannot consider them.  See *Mattson v. Eureka Cedar Lumber & Shingle Co.*, 79 Wash. 266, 140 Pac. 377, and cases there cited.

Judgment affirmed.

MORRIS, C. J., MOUNT, and CHADWICK, JJ., concur.