[No. 14054.  *En Banc.*  August 18, 1917.]

## AMERICAN FUEL COMPANY, *Appellant*, v. FRANK H. BENTON et al., *Respondents.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—EXTENSION OF TIME—EXCUSE FOR DELAY.  No reasonable excuse for failing to prepare and file a statement of facts in time is shown, within Rem. Code, § 1730-8, providing that the supreme court shall allow the same to be supplied on terms, if appellant's failure is found to be excusable, where it appears that no attempt was made to prepare it within the first thirty days required by law, nor to extend the time except by attempting to procure a stipulation which opposite counsel refused to sign, notwithstanding which there was further dilatoriness for sixty days, the matter was left to the official court reporter, who made a mistake in computing the time and secured an order extending the time beyond the ninety-day period, and no statement was filed until eleven days beyond the extreme limit.

SAME — STATEMENT OF FACTS — EXTENSION OF TIME — POWER OF COURT—STATUTES.  Rem. Code, § 1730-8, providing that, in case the appellant fails to serve a statement of facts, the supreme court shall, if such failure is found to be excusable, allow the same to be supplied upon terms, does not repeal Rem. & Bal. Code, § 393, or extend the time for filing a statement of facts beyond the final ninety-day period, and does not authorize the supreme court to acquire or revive jurisdiction where jurisdiction has been lost.

Motion filed in the supreme court March 19, 1917, for an order extending the time for filing and serving a statement of facts.  Denied.

*Cullen, Lee & Matthews*, for appellant.

*Del Cary Smith* and *John L. Wiley*, for respondents.

### ON PETITION FOR REHEARING.

HOLCOMB, J.—A motion was made to this court by the appellant for an order permitting it to serve and file its proposed statement of facts on appeal to this court from the judgment of the superior court for Spokane county, to be filed as of the 31st day of January, 1917, and validating in

[1]Reported in 167 Pac. 346.

all respects the service and filing of the statement of facts which was made on that date, and directing the Honorable Bruce Blake, judge of the superior court in and for Spokane county, to sign and settle appellant's statement of facts as proposed, if there be no objections to the same by respondents other than the time within which it was served and filed.

Upon hearing of this motion before a department of this court, an order was made on April 4, 1917, permitting the filing of the statement of facts in question as of the 31st day of January, 1917, validating the same, requiring the settlement and certification of the same by the trial judge, and allowing the respondents ten days, after the filing of a copy of that order with the clerk of the superior court of Spokane county, within which to serve and file proposed amendments to appellant's statement of facts, upon terms of appellant's paying to respondents the sum of $100 on the filing of a copy of such order with the clerk of the superior court. Upon petition, a rehearing of appellant's motion *En Banc* was granted.

From the affidavits in support of the application, it appears that the judgment in the case was signed and filed on July 11, 1916. On the same day, a motion for new trial was served and filed, and on September 28, 1916, an affidavit in support thereof was served, which was filed on October 2, 1916. On October 11, 1916, defendants served counter affidavits resisting the motion for a new trial. On October 21, 1916, an order overruling the motion for a new trial was entered. On December 11, 1916, notice of appeal was served, and on December 14, 1916, notice of appeal and an appeal and supersedeas bond were filed. On November 20, 1916, a stipulation was signed by attorneys for appellant looking toward an extension of time, to and including January 20, 1917, within which to serve and file appellant's statement of facts. This stipulation was presented for signature by a law clerk of appellant's counsel, to Mr. Smith, one of the attorneys for the respondents, on or about the date it bears,

but signature was refused by Mr. Smith. The law clerk, however, it appears, did not inform his employer, counsel for appellant, of the refusal to sign the stipulation, and returned the same some time afterwards; and on February 1, 1917, after he had left the employ of the counsel for appellant, the unsigned stipulation was filed in the office of the clerk of the superior court. On January 10, 1917, upon the application of Raymond P. Kelley, official court reporter of the superior court of Spokane county, Blake, trial judge, signed an order extending the time in which to file the statement of facts to the first day of February, 1917, which order recites that the application for extension of time was made upon application of Kelley, official court reporter.

It is further alleged in support of this application, that W. G. Matthews, one of the firm of counsel for appellant and who had charge of the preparation and trial of the case in the court below, was absent from Spokane during the month of December, 1916, returning to Spokane on January 8, 1917; that, on January 9, 1917, Kelley, who reported the trial of the case, requested Mr. Matthews to grant him more time within which to get out the statement of facts in the case; that Mr. Matthews said he would attempt to make arrangements with counsel for respondents for an extension of time, but that, in any event, the time could not be extended to more than ninety days from the date of the order overruling the motion for a new trial. It is further alleged, that one Kenneth I. Ghormley was working in the office of counsel for appellant up to January 1, 1917; that he had been attending to the details of perfecting the appeal in the case; that he had prepared and filed a stipulation extending the time for serving and filing the proposed statement of facts; that, on January 1, 1917, he left the employ of the firm, counsel for appellant. It is further alleged that, on January 10, 1917, Kelley, without the knowledge or consent of counsel for appellant, obtained from the trial judge the order heretofore mentioned, extending the time for filing the proposed

statement of facts to February 1, 1917; that counsel did not know that such order had been entered or that the time had been extended beyond the ninety days allowed by law, until after the expiration of the ninety days; that Kelley delivered the statement of facts to counsel for appellant on or about January 30, 1917, and immediately thereafter, to wit, on January 31, 1917, the same was served and filed; that, at the time Kelley presented the order extending the time for filing the proposed statement of facts, he had looked up the record in the case and believed, and so informed the trial judge, that February 1, 1917, was not beyond the ninety days from the date of the overruling of the motion for a new trial allowed by law for the extreme limit of time for filing and serving such statement of facts, and upon such information and belief, the order for extending the time was granted. The latter allegations with reference to the acts and belief of the court reporter are supported by affidavit of Raymond P. Kelley, court reporter.

In support of its application, appellant relies chiefly upon Laws of 1915, p. 303, § 8 (Rem. Code, § 1730-8), reading as follows:

"In case of a failure of the appellant to serve an abstract of record and statement of facts, or the one served is insufficient, the supreme court shall, if such failure is found to be excusable, allow the appellant a reasonable time, upon such terms as the court may impose, in which to supply such abstract of record and statement of facts."

It was in the exercise of a supposed discretion granted this court by the terms of the above section that the order of the department herein was made.

Appellant relies largely upon our decision in *State ex rel. Gold Creek Antimony Mines & Smelter Co. v. Superior Court*, 89 Wash. 684, 155 Pac. 145, wherein such an order, upon terms, was granted by this court. That order was so granted by reason of discretion vested in this court by Laws of 1915, p. 303, § 8 (Rem. Code, § 1730-8). In that case,

however, the ninety-day period from the date of the judgment for the filing and serving of the proposed statement of facts had not expired, but the statement was filed on the last day of the ninety-day period. There had been no extension, either by stipulation or by order, upon showing in the trial court for the extension of the first thirty days allowed for the serving and filing of the statement of facts, but it was shown that, after the judgment was entered, negotiations were entered into for a settlement of the case. It was not disputed that those negotiations continued during the months of August and September intervening before the ninety-day period would expire, and that they were conducted in good faith and with reasonable hope that the case would be finally settled without appeal. This court therefore held that, notwithstanding the fact that the appellant should have prepared and filed a statement of facts within the thirty-day period, unless that time was extended by stipulation or by order of the court upon showing, it was the policy of the court to encourage settlements in pending litigation; and that, where negotiations for settlement are conducted in good faith and are extended over a period of time, the parties to the settlement ought not to be penalized to the extent of being deprived of their right of appeal in case the settlement should fail, and that a reasonable excuse for failure to file and serve the statement of facts was therefore shown. Terms were imposed, however. No such excuse was shown in this case as in the case above cited, nor was any such diligence shown.

Our cases of *State ex rel. Bickford v. Benson*, 21 Wash. 365, 58 Pac. 217; *Greely v. Newcomb*, 21 Wash. 357, 58 Pac. 216, and *Fulton v. Methow Trading Co.*, 45 Wash. 136, 88 Pac. 117, are cited to the effect that this court will not review the discretion of the lower court in granting an extension of time within which to file a proposed statement of facts. All those cases, however, proceed upon the principle that some diligence on the part of appellant, or some excuse

good in law and in fact for lack of diligence, was shown to the trial court granting such extension of time; and so do all of our cases which we have examined.

We had the same statutory provision before us in *Codd v. Von Der Ahe*, 92 Wash. 529, 159 Pac. 686, where a statement of facts had been filed and certified sixty days after entry of final judgment, without order extending the time having been entered or even requested. In that case it was held:

"That section does not repeal, either expressly or by any possible implication, the old law, Rem. & Bal. Code, § 393, requiring that the proposed statement of facts be filed within thirty days after the time for taking the appeal begins to run, unless, for good cause shown, the time for such service and filing be extended by the trial court or judge. The act of 1915, as construed by the case cited [*State ex rel. Gold Creek Antimony Mines & Smelter Co. v. Superior Court*, 89 Wash. 684, 155 Pac. 145], merely requires this court, upon imposing terms, to excuse the failure to file a sufficient and timely statement 'if such failure is found to be excusable.' "

We see, therefore, that, in the *Gold Creek* case, the court held the respondent was estopped from urging that the filing was untimely, and that, in the *Von Der Ahe* case, insufficient excuse was found.

We have held that even a stipulation extending the time beyond ninety days would not avail where the statement was not filed until after ninety days had expired (*Thomas v. Lincoln County*, 32 Wash. 317, 73 Pac. 367); that the want of funds to prosecute an appeal and to prepare a statement of facts was no excuse (*Harpel v. Harpel*, 31 Wash. 295, 71 Pac. 1010); that the extension of time procured by an official stenographer without notice does not relieve the appellant from compliance with the statute requiring the giving of notice (*Michaelson v. Overmeyer*, 77 Wash. 110, 137 Pac. 332); that a mistake of law on the part of the attorney for appellant is no excuse was the substance of the decision in *Codd v. Von Der Ahe, supra*.

In substance, the excuse offered by appellant in the case before us is that one of the firm of counsel was absent during a large part of the time when the ninety-day period was passing; that he left certain matters of detail with a law clerk in his office who failed to attend to them correctly, and that he left the matter of obtaining additional time with the court reporter, who made the mistake in computing the time. In *Michaelson v. Overmeyer, supra,* a similar excuse was held insufficient. No attempt seems to have been made in this case to cause the preparation of a statement of facts within the first thirty days allowed by statute, and no attempt made, until long after the expiration of thirty days, to procure an extension of time, and then only by an attempt to procure a stipulation for an extension of time, which was refused by counsel for respondents, which should have been sufficient to warn counsel for appellant that the time for filing had arrived. Notwithstanding this warning, counsel for appellant were dilatory for another sixty days. The ninety-day period for filing and serving a statement of facts, with even the most extreme extension of time allowable under the law, expired January 20, 1917. No statement of facts was prepared within that time, or until January 30, 1917. It was served on the next day, which was eleven days beyond the extreme limit of time within which such statement of facts can be filed and served. No sufficient excuse for such lack of diligence has been shown. Section 8, page 303, Laws 1915 (Rem. Code, § 1730-8), does not have the effect of permitting this court to acquire jurisdiction where jurisdiction has been lost. It only permits this court to relieve from dilatoriness where a reasonable excuse therefor is shown, and upon terms. Where the statutory period for perfecting an appeal has expired, this court, as an appellate court, cannot extend such time and revive appellate jurisdiction. *Loos v. Rondema,* 10 Wash. 164, 38 Pac. 1012; *State v. Seaton,* 26 Wash. 305, 66 Pac. 397; *Crowley v. McDonough,* 30 Wash. 57, 70 Pac. 261.

It is true the above cases were decided prior to the passage of the act of 1915. But that act neither repeals the former law nor by implication extends the time for the serving and filing of a proposed statement of facts beyond the final period of ninety days. Had such been its intent, apt language could easily have been employed, but was not. In any event, appellant did not either file or serve its proposed statement of facts on or before the last day of the ninety-day period, as in the *Gold Creek* case. The matters occasioning the delay were all matters within the control of counsel for appellant. Respondents were in no way at fault, having done nothing to occasion delay or to induce appellant to delay.

The department order heretofore made is reversed. The motion of appellant is denied; upon condition, however, that the $100 heretofore paid by appellant as terms be forthwith refunded by respondents, if paid to them, within five days after the filing of this order.

PARKER, MOUNT, CHADWICK, and WEBSTER, JJ., concur.

ELLIS, C. J., MAIN, and MORRIS, JJ., concur in the result.