[No. 15047. *En Banc.* November 30, 1918.]

UNIVERSAL MOTOR COMPANY, *Respondent,* v.
WILLIAM McGEORGE *et al., Appellants.*[1]

APPEAL (288) — RECORD — STATEMENT OF FACTS — EXTENSION OF TIME. The supreme court will not allow a statement of facts to be supplied, under Rem. Code, § 1730-8, where appellants' first attempt to file or propose a statement was some time after the extreme limit of ninety days fixed by Id., § 393 (MAIN, C. J., TOLMAN, and FULLERTON, JJ., dissenting).

Application filed in the supreme court October 4, 1918, for an order permitting the filing and serving of a statement of facts. Denied.

*C. L. Parker* and *Ellis, Fletcher & Evans,* for appellants.

*Guy E. Kelly* and *Thomas MacMahon,* for respondent.

PARKER, J.—Appellants have made application to this court for an order permitting them to file and serve their proposed statement of facts in this case,

[1]Reported in 176 Pac. 331.

or to have their proposed statement of facts, already filed and served therein in the superior court, regarded as a timely serving and filing of the same, to the end that such statement of facts may now be settled and certified by the trial judge. Counsel for appellants invoke in that behalf what they conceive to be the jurisdiction of this court under Rem. Code, § 1730-8.

The judgment appealed from was rendered in the superior court for Pierce county on May 28, 1918. The first attempt to file or serve a proposed statement of facts by appellants occurred on September 5, 1918, when they filed with the clerk of the superior court, and served upon counsel for respondent, their proposed statement of facts. This filing and service, it will be noticed, occurred some time after the extreme limit of ninety days following the rendering of the judgment, as prescribed by Rem. Code, § 393, for the filing and serving of a proposed statement of facts.

A majority of the court are of the opinion that the rule of law announced in *American Fuel Co. v. Benton,* 98 Wash. 26, 167 Pac. 346, is controlling and calls for the denial of appellants' application, if adhered to, and are also of the opinion that the rule of law therein announced should not be overruled. We therefore feel constrained to deny appellants' application.

It is so ordered.

Mitchell, Mount, Chadwick, Mackintosh, and Holcomb, JJ., concur.

Main, C. J., Tolman, and Fullerton, JJ., dissent.