[No. 16791. Department One. November 12, 1921.]

PAUL NISSEN *et al., Respondents,* v. CHAS. H. LILLY COMPANY, *Appellant.*[1]

APPEAL (288)—RECORD—STATEMENT OF FACTS—EXTENSION OF TIME. Where a statement of facts is not served and filed with the clerk of the proper court within the ninety-day period fixed by statute, no excuse will suffice to extend the time for such filing and service beyond the statutory period.

SAME (287)—TIME FOR FILING—OBJECTIONS TO FAILURE TO FILE—ESTOPPEL. The duty of preparing, serving and filing a proposed statement of facts resting solely on appellant without any duty incumbent on respondent, the latter would not be estopped to object at a later period that the statement was not filed in time, by reason of the fact that he had accepted service by appellant and had appeared without objection and proposed amendments to the statement at the time of its settlement before the court.

Motion to strike statement of facts, filed in the supreme court September 23, 1921. Remanded for hearing on issue.

*Wright, Kelleher, Allen & Hilen* and *Peters & Powell,* for appellant.

*J. L. Corrigan,* for respondents.

TOLMAN, J.—On April 8, 1921, the Honorable Guy C. Alston, judge of the superior court for Snohomish county, then presiding in the superior court for Skagit county for the purpose of trying this cause, entered a judgment herein, upon the verdict of a jury, in favor of respondents and against the appellant. Immediately upon the entry of the judgment, one of appellant's counsel directed the official court reporter to prepare a proposed statement of facts, file it with the clerk of the superior court for Skagit county, where the cause was pending, and thereafter to withdraw such

[1]Reported in 201 Pac. 743.

statement from the office of the clerk and forward it, with the necessary copy, to appellant's counsel in Seattle, for service upon respondents' counsel, and that it might be taken to Everett at the convenience of the parties interested for settlement and certification by the judge who tried the cause. In due course the original statement of facts, with a copy, was forwarded as directed to Seattle, the original bearing a form for acceptance of service which recited that it had been duly filed in the office of the clerk of the superior court for Skagit county. On May 18, 1921, service was made at the office of respondents' counsel, and in his absence his clerk, without investigation or knowledge of the facts, and in accordance with the usual and accepted custom, signed the acknowledgment of service, which contained the recital that the original statement had been duly filed. Thereafter on May 25, respondents' counsel proposed certain amendments, and on July 20, by agreement of counsel, they appeared before the trial judge at Everett and the statement of facts was then and there settled and certified by the judge, all parties assuming that the original had been duly and timely filed. On August 17, 1921, and not until then, the clerk's file marks were placed upon the statement.

Affidavits are presented in this court pro and con, attempting to prove and disprove that the proposed statement of facts was lodged in the office of the clerk at the time it was completed by the court reporter, and before it was sent to Seattle for service, it being contended that if, in fact, it was so lodged with the clerk, the omission of the official file marks would be immaterial, which may be admitted.

It is further contended, (a) that if this court should hold that the statement was not in fact filed in time, the affidavits referred to show such excusable neglect

as would justify a denial of respondents' motion to strike the statement of facts, upon which the case now comes before us; (b) that respondents, having appeared at the time of the settlement and having made no objection thereto, thereby waived any objection to the failure to file in time, if there was such failure, and are now estopped to raise such objections; (c) that respondents, by reciting in the acceptance of service signed in their behalf that the same had been filed, are now estopped by such recital; and (d) that respondents, by proposing amendments and urging them at the time of the settlement of the statement, are thereby estopped to deny that the statement had theretofore been duly filed.

As to the contention that, if the statement was not filed in time, the affidavits show a sufficient excuse, it is sufficient to say that it is now settled in this court that where a statement of facts is not served and filed within the ninety-day period fixed by statute, no excuse will suffice to extend the time for such filing and service beyond the ninety-day period. In the case of *Universal Motor Co. v. McGeorge,* 104 Wash. 344, 176 Pac. 331, the record discloses what was considered good and sufficient excuse, but the majority of the court, sitting *En Banc,* after due consideration, were of the opinion that the service and filing of the proposed statement within the ninety-day period was mandatory, and that the court had already laid down the rule in *American Fuel Co. v. Benton,* 98 Wash. 26, 167 Pac. 346, that neither by the original statute nor by the amendatory act of 1915 (Laws of 1915, § 8, p. 303; Rem. Code, § 1730-8), was any authority given to this court to extend the time for serving and filing a proposed statement of facts beyond the ninety-day period. Nor has the court at any time since departed from this

position, and the question is no longer an open one. Hence we may not now consider whether the affidavits show excusable neglect.

The other contentions of appellant all raise the question of estoppel, and in support thereof the following authorities are cited: *Boyer v. Boyer,* 4 Wash. 80, 29 Pac. 981; *McGlauflin v. Merriam,* 7 Wash. 111, 34 Pac. 561; *Turner v. Bailey,* 12 Wash. 634, 42 Pac. 115; *Johnston v. Gerry,* 34 Wash. 524, 76 Pac. 258, 77 Pac. 503.

We have carefully examined these cases, the first two of which are based upon facts which arose before the enactment of our present statute, but can find in none of them anything which meets the present question.

The duty of preparing, serving and filing a proposed statement of facts rests solely with the appellant, and the respondent not only has no duty in that respect, but it is wholly optional with him whether he shall propose amendments or appear at the time of the settlement and certification. It can hardly be said that it is in any manner encumbent upon the respondent to warn his adversary of errors of omission or commission, or concern himself with the steps which are being taken, beyond what is necessary to protect his own rights. One of these rights is to propose amendments, and when the respondent does so, he acts wholly for himself and should not be held thereby to have waived the performance of any clear statutory duty resting wholly upon opposing counsel. The appearance in court at the time of the settlement and certification in this case was after the expiration of the ninety-day period, and must have been not for the purpose of assisting appellant in perfecting the appeal, but to secure the incorporation of respondents' own amendments and protect their rights in the event that the

appeal should be finally perfected. Nor is it shown that, at the time of the acceptance of service, the proposing of amendments, the appearance for settlement and certification, or at any other time until long after the expiration of the ninety-day period, respondents had any reason to suppose that the proposed statement had not been filed before it was served upon them. The acceptance of service with its recitals was prepared by appellant, and the signature of acceptance of service was made as an accommodation to appellant, in accordance with the established custom, at appellant's request, solely to save it the necessity of making other proof of service. It is apparent that respondents did not, intentionally or otherwise, mislead their opponent or fail to perform any duty owing by them to it; and simply because they did not sooner discover and in some manner advise appellant of the facts relating to the alleged omission to file, is no ground for invoking the doctrine of estoppel against them.

If our conclusions so far be correct, it follows that, if the proposed statement of facts was not actually lodged with the clerk within the ninety-day period, then respondents' motion to strike must be granted; but the facts relating to such lodgment cannot be determined with any assurance or certainty from the affidavits now before us, which contain only the *ex parte* statements of witnesses not cross-examined, are incomplete and unsatisfactory in some respects, and to some extent present incompetent matter which we cannot consider. The issue of fact, therefore, will be referred to the superior court of Skagit county, with directions to cause a hearing to be had on due notice, and at such hearing to accord each party the right to produce all its material witnesses to be examined

and cross-examined under the usual rules, and to make and report to this court findings upon that issue of fact, with the evidence.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.